Jeremy C. Sink (Utah Bar No. 9916)
Alyssa K. Nielsen (18066)
**KIRTON MCCONKIE**
36 South State Street, Suite 1900
Salt Lake City, Utah 84111
Telephone: (801) 239-3157
E-mail: jsink@kmclaw.com
*Attorneys for Defendants*

## UNITED STATES BANKRUPTCY APPELLATE COURT
## OF THE TENTH CIRCUIT

| | |
|---|---|
| In re:<br><br>LORENZO LUCIANO LOPEZ,<br><br>Debtor. | BAP Appeal No. 25-001<br><br>Bankr. No. 24-26705<br><br>Chapter 13<br><br>**CREDITOR AUNTIE TUT TRUST'S MOTION FOR A VIDEO STATUS CONFERENCE AND MOTION TO DISMISS IF DEBTOR LORENZO LUCIANO LOPEZ DOES NOT APPEAR** |

Pursuant to Local Rule 8013-1 creditor Auntie Tut Trust ("ATT") files this motion requesting a video status conference. In the event debtor and appellant (in cases 25-1 and 25-2) Lorenzo Luciano Lopez fails to appear at said requested video status conference with proof of identification, ATT requests dismissal of all appeals arising from Lorenzo Luciano Lopez' bankruptcy case, case number 24-26705 filed in the United States Bankruptcy Court for the District of Utah. The other appeals pending before this court are identified as case number 25-3,

25-4 and 25-5, filed by Johnathan Darger as a purported interested party.  In support of this request ATT represents as follows:

### Background/Procedural Posture

A.  Auntie Tut Trust entered into a Secured Promissory Note agreement with Johnathan Darger ("Darger") on July 1, 2013 for the principal amount of $320,000.  A copy of the promissory note is attached hereto as Exhibit A.

B.  A Trust Deed securing the promissory note was recorded with the Salt Lake County Recorder's office as entry number 11676867 on July 2, 2013.  A copy of the Deed of Trust is attached hereto as Exhibit B.

C.  The property securing the Trust Deed is located at 13887 S. Lamont Lowell Circle, Herriman, Utah (hereinafter the "Property").  See Exhibit A.

D.  The Property was placed in Darger's name via Warranty Deed, entry number 11676835 in the Salt Lake County Recorder's Office, on July 2, 2013.  A copy of the Warranty Deed is attached hereto as Exhibit C.

E.  On August 22, 2013, Darger transferred the Property via Warranty Deed, entry number 11710288 in the Salt Lake County Recorder's Office, to Ultimate Estates, LLC.  A copy of this warranty deed is attached hereto as Exhibit D.

F.  Johnathan Darger lists himself on www.linkedin.com as the "executive manager" and "owner" of Ultimate Estates, LLC.  A copy of the linked in printout is attached hereto as Exhibit E.

G.  The Utah Division of Corporations and Commercial Code shows that the Manager of
    Ultimate Estates, LLC is Ultimate Enterprise, LLC and that the address for Ultimate
    Enterprise, LLC is located at the Property.  A copy of the registered principal printout
    from the Utah Department of Commerce is attached hereto as Exhibit F.

H.  On October 10, 2018, Ultimate Estates, LLC, transferred the Property to Ultimate
    Enterprise, LLC via Warranty Deed, entry number 12865345, recorded in the Salt Lake
    County Recorder's Office, signed by John Darger on behalf of Ultimate Estates.  A copy
    of this deed is attached hereto as Exhibit G.

I.  Mr. Darger's payment history on the Promissory Note has been less than stellar.  Only
    four payments have been made on the Promissory Note over the past five years: 1) a
    payment of $1,000 on 6/4/021; 2) a payment of $1,000 on 7/9/2021; 3) a payment of
    $500 on 11/15/2022 and 4) a payment of $500 on January 1, 2023.  A copy of the
    payment history from ATT is attached hereto as Exhibit H.

J.  Pursuant to the plain language of the promissory note, Mr. Darger was supposed to make
    monthly payments of $1,915.82.  See Exhibit A.

K.  Auntie Tut was scheduled to foreclose promissory note and deed of trust secured by the
    Property on January 30, 2024. A copy of the proof of publication of this notice is attached
    hereto as Exhibit I.

L.  Darger filed a chapter 13 case in the United States Bankruptcy Court for the District of
    Utah on January 29, 2024, case number 24-20354, to stop that sale. See Docket for case
    number 24-20354 in the United States Bankruptcy Court for the District of Utah.

3

M.  Bankruptcy case 24-20354 was dismissed for among other things failure to comply with the Bankruptcy Code and failure to comply with an order from the Bankruptcy Court. See Docket entries 15 and 19 in case number 24-20354 in the United States Bankruptcy Court for the District of Utah.

N.  After the dismissal of this first chapter 13 bankruptcy case, Auntie Tut Trust again tried to foreclose.  This second attempt was scheduled for a trustee's sale on June 5, 2024.  A copy of the June 5, 2024 Notice of Trustee's Sale is attached hereto as Exhibit J.

O.  Mr. Darger filed a second Chapter 13 bankruptcy case on June 4, 2024, case number 24-22721 in the United States Bankruptcy Court for the District of Utah, stopping the second scheduled foreclosure sale. See docket for case number 24-22721 in the United States Bankruptcy Court for the District of Utah.

P.  Similar to the first bankruptcy case addressed in paragraph L and M above, Darger did not file statements and schedules with his second chapter 13 bankruptcy petition, did not file a plan and did not submit a mailing matrix listing any of his creditors.  The second bankruptcy case  (24-22721) was dismissed.   See dockets for cases 24-20354 and 24-22721 in the United States Bankruptcy Court for the District of Utah.

Q.  After the dismissal of the second bankruptcy case, Auntie Tut Trust attempted a third time to foreclose the deed of trust secured by the Property. The sale was scheduled for December 31, 2024. A copy of the December 31, 2024 Notice of Trustee's Sale is attached hereto as Exhibit K.

4

R. For a third time, ATT's attempted foreclosure sale was stopped by a bankruptcy filing. On December 30, 2024, the Property was transferred to Ultimate Enterprise, LLC and Lorenzo Luciano Lopez, as tenants in Commons, via Quit Claim Deed, entry number 14330423, recorded in the Salt Lake County Recorder's Office. John Darger signed the December 30, 2024 quit claim deed transferring the property to Ultimate Enterprise, LLC and Lorenzo Luciano Lopez. A copy of the quit claim deed is attached hereto as Exhibit L.

S. Mr. Lopez then filed a chapter 13 bankruptcy case stopping the foreclosure sale. Mr. Lopez's bankruptcy petition was hand-delivered to the bankruptcy court by Darger. See Docket Entry dated December 30, 2024 for case number 24-26705 in the United States Bankruptcy Court for the District of Utah.

S. Mr. Darger is not an attorney and not authorized to practice law.

T. The Lorenzo Lopez bankruptcy was nothing more than a continuation of Darger's efforts to stop ATT's foreclosure against the Property:

    i. Counsel for ATT received notice of the bankruptcy filing by Mr. Lorenzo Lopez via email dated December 31, 2024 and received by Mr. Sink at 10:29 a.m. (30 minutes before the scheduled foreclosure sale). A copy of this email is attached hereto as Exhibit M.

    ii. As the notice of the bankruptcy filing was received only 30 minutes before the scheduled foreclosure sale, Mr. Sink attended the foreclosure sale to continue the sale date because of the bankruptcy filing. Mr. Darger and his wife were the only

people at the sale.  Mr. Darger was aware of the email from Mr. Lopez to Mr. Sink and provided Mr. Sink copies of the attachments on the email (notice of the bankruptcy filing by Lopez and a copy of the deed transferring the property to Mr. Lopez).  See Declaration of Jeremy Sink attached hereto as Exhibit N.

    iii.    Mr. Lopez was not at the foreclosure sale.  See Declaration of Jeremy Sink attached hereto as Exhibit N.

    iv.    At the foreclosure sale on December 31, 2024, Sink continued the sale date to January 24, 2025.  See Declaration of Jeremy Sink attached hereto as Exhibit N.

U. Auntie Tut filed a motion with the United States Bankruptcy Court for the District of Utah on the same day the Lopez bankruptcy case was filed, requesting relief from the automatic stay so that the foreclosure could go forward, even if another bankruptcy case was filed, asserting that Mr. Darger filed the Lopez bankruptcy in bad faith.  See docket no. 7 in bankruptcy case number 24-26705 in the United States Bankruptcy Court for the District of Utah.

V. Mr. Lopez did not appear at the January 14 hearing on ATT's motion for relief from stay. See January 14, 2025 minute entry for case number 24-26705.

W. Mr. Darger did appear at the January 14 hearing on ATT's motion for relief from stay. See January 14, 2025 minute entry for case number 24-26705.

X. The bankruptcy court granted ATT's motion for relief and an Order Granting Auntie Tut Trust's Motion for Relief from the Automatic Stay (granting in rem relief to foreclose on the property) was entered by the Judge Marker in the United States Bankruptcy Court for

6

the District of Utah on January 14, 2025.  See  docket number no. 28 in case number 24-26705. A copy of the order is attached hereto as Exhibit O.

Y.  The continued foreclosure sale was completed on January 24, 2024 and Auntie Tut Trust was the successful bidder. A copy of the Recorded Trustee's Deed is attached hereto as Exhibit P.

Z.  Mr. Lopez requested dismissal of his bankruptcy case and the case was dismissed on January 14, 2025.  See Docket no. 30 in case number 24-26705.

AA.     Because Mr. Lopez' case was dismissed a meeting of creditors was not held.  See Docket for case number 24-26705.

BB.     Although Mr. Lopez did not appear at the January 14, 2025 hearing on ATT's motion for relief from stay, he purportedly filed the appeal for the above-captioned bankruptcy appeal.  A copy of Lopez' notice of appeal is attached hereto as Exhibit Q.

CC.     Lopez asserts that he lives in the Property.  See Lopez' address listed in Exhibit Q.

DD.     Darger filed a separate notice of appeal. A copy of Darger's notice of appeal is attached hereto as Exhibit R.

EE.   Similar to Lopez, Darger also asserts that he lives in the Property.  See Exhibit R.

FF.   The Bankruptcy Court found the Mr. Lopez' bankruptcy filing was "filed by Mr. Lopez in bad faith.  And it's part of a scheme involving multiple bankruptcy filings to at least hinder or delay creditors, including Auntie Tut."  A copy of the transcript from the

7

hearing on ATT's motion for relief is attached hereto as Exhibit S.  The above quote can be found on page 14 lines 17-21.

## ARGUMENT

The above-captioned bankruptcy proceeding was allegedly filed by Lorenzo Luciano Lopez.  The Bankruptcy found that the case was "filed by Mr. Lopez in bad faith.  And it's part of a scheme involving multiple bankruptcy filings to at least hinder or delay creditors, including Auntie Tut."  See Exhibit S, page 14:17-21.

All physical appearances related to this bankruptcy proceeding have been made by Johnathan Darger, not Mr. Lopez.  Even the filing of Mr. Lopez's bankruptcy case was completed by Mr. Darger, not Mr. Lopez.  See December 30, 2024 docket entry in case number 24-26705 (indicating the case was "hand delivered by a Johnathan Darger").

ATT requests that Mr. Lopez verify his identify, similar to verifying his identity at a meeting of creditors under 11 U.S.C. 341.  This verification can be completed by ordering Mr. Lopez to appear at the United States Trustee's office in Salt Lake City, Utah or by holding a telephonic conference before this court ordering Mr. Lopez to appear with identification verifying his identify.

In the event Mr. Lopez does not appear as directed by this Court, ATT respectfully requests that the appeals identified as BAP case numbers 25-001, 25-002, 25-003, 25-004 and 25-005 (all arising from the chapter 13 case purportedly filed by Lorenzo Luciano Lopez) be dismissed to avoid a fraud on this court arising from a debtor who appears not to exist.

8

ATT notes that Mr. Lopez filed a notice of appearance in these cases on March 18, 2025 and requested that NO oral argument be made. ATT notes that Mr. Darger similarly requested that no oral argument be made.

In the event Mr. Lopez appears at a status conference and verifies his existence and that he filed the above-captioned bankruptcy proceeding, ATT requests that he verify that the Property subject to this appeal is property of the bankruptcy estate as Mr. Lopez has not filed a statements and schedules in this case. Further Mr. Lopez has provided no proof of equitable ownership of the Property as the only evidence of ownership is a quit claim deed transferring bare legal title (see Exhibit M).

DATED this 19th day of March, 2025.

**KIRTON MCCONKIE**


/s/         Jeremy C. Sink
Jeremy Sink (9916)
*Attorneys for Appellee Auntie Tut Trust*


**CERTIFICATE OF SERVICE – BY NOTICE OF ELECTRONIC FILING (CM/ECF)**

I hereby certify that on March 19, 2025, I electronically filed the foregoing with the United States Bankruptcy Appellate Panel of the Tenth Circuit by using the CM/ECF system. I further certify that the parties of record in this case, as identified below, are registered CM/ECF users and will be served through the CM/ECF system:

- **Lon Jenkins tr**    ecfmail@ch13ut.org, lneebling@ch13ut.org
- **Jeremy C. Sink**    jsink@kmclaw.com, mcarlson@kmclaw.com
- **United States Trustee**    USTPRegion19.SK.ECF@usdoj.gov

By Mail:
Johnathan Darger
13887 Lamont Lowell Circle
Herriman, UT 84096

Lorenzo Luciano Lopez
13887 Lamont Lowell Circle
Herriman, UT 84096

By Email:
Johnathan Darger
Jndarger1@gmail.com

Lorenzo Lopez
lorenzolucianolopez@gmail.com

---

**All other parties registered with CM/ECF and entitled to notice in this case:**

**None**

/S/ Jeremy C. Sink

## EXHIBIT LIST

Ex. A.      Darger Secured Promissory Note (2013.07.01)

Ex. B.      Darger Deed of Trust (2013.07.02)

Ex. C       Warranty Deed to Darger (2013.07.02)

Ex. D       Warranty Deed Darger to Ultimate Estates (2013.08.22)

Ex. E       Darger LinkedIn Profile

Ex. F       Utah.Gov - Manager of Ultimate Enterprise, LLC

Ex. G       Warranty Deed from Ultimate Estates, LLC to Ultimate Enterprise, LLC (2018.10.10)

Ex. H       Darger Mortgage Payments Through December 2024

Ex. I       Email from R. Stegman re Publication of Notice of Trustee's Sale (2024.01.11)

Ex. J       Notice of Trustee's Sale (2024.05.08)

Ex. K       Notice of Trustee's Sale (2024.12.02)

Ex. L       Quit Claim Deed - Ultimate Enterprise to Ultimate Enterprise and Lopez)

Ex. M       Lorenzo Lopez Email re Chapter 13 Bankruptcy (2024.12.31)

Ex. N       Declaration of Jeremy Sink (2025.03.19)

Ex. O       Order Granting Motion for Relief from Stay

Ex. P       Recorded Trustee's Dee (2025.01.24)

Ex. Q       Notice of Appeal and Statement of Election (2025.01.28)

Ex. R       Darger Notice of Appeal (2025.01.28)

Ex. S       Transcript from Motion to Dismiss Hearing held 2025.01.14

# EXHIBIT A

# SECURED PROMISSORY NOTE

**DO NOT DESTROY THIS NOTE:**  When paid, this note, with Trust Deed securing same, must be surrendered to Trustee for cancellation, before reconveyance will be made.

$320,000.00                                                         July _1_, 2013

13887 S Lamont Lowell Circle<br>
Herriman, UT  84096

FOR VALUE RECEIVED, the undersigned, John Darger, whose address is 4979 Little Water Drive, Riverton, UT 84096 Peak ("Borrower") promises to pay to the order of Auntitut Trust, 3212 Bel Air Drive, Las Vegas, NV 89109 (Lender") or Lender's assignee, as follows:

1. **Principal Amount:** The principal amount of this Note is Three Hundred Twenty Thousand Dollars ($320,000.00)

2. **Interest:**  Interest shall initially accrue daily on the unpaid principal balance of this Note from the date hereof at the rate of six percent (6%) per annum, based on a 365 day year. On the fifth anniversary of the date of this Note, and on each anniversary thereafter, the interest rate on the principal balance shall be adjusted to eight percent (8%) per annum.

3. **Payments:**  Borrower shall pay monthly payments of principal and interest, with the first payment due on August 10, 2013, and subsequent payments due on the 10 day of each month thereafter.   A final payment shall be due on the 10th of July, 2018, in the amount of all unpaid principal and all accrued and unpaid interest. Monthly payments shall be in the amount of $1,684.50 principal and interest plus $231.32 taxes and insurance, until the interest rate changes.   Each payment shall be applied first to costs and expenses of collection, if any, then to accrued interest, then to the reduction of principal.

4. **Late Payments:**   If any payment of principal or interest, including the final payment of all principal and accrued interest, whether due at maturity or as a result of an acceleration, is not made within fifteen (15) days of the date on which it is due, a default shall have occurred and Borrower shall pay a late fee equal to five percent (5%) of the late payment.

5. **Prepayments:**  Borrower may prepay this Note in whole or in part at any time without penalty.

6. **Default:**   If default occurs in the payment of any sums due under or in any other term or condition of this Note or the Deed of Trust securing this Note, the Lender, at its option and without notice, may declare the entire principal balance and accrued interest due and payable.   The acceptance of any payment after default shall not constitute a waiver of Lender's right of acceleration with respect to such default or any subsequent default. Following default, this Note shall bear interest before and after judgment until paid at the rate of fifteen (15%) per annum.   Following default Borrower agrees to pay all of Lender's costs and expenses of collection either with or without suit, including attorney's fees.

7. <u>Manner of Payment</u>:    All payments required under this Note shall be made to Escrow Specialists at the following address:

P.O. Box 3287
Ogden, UT  84409

Lender may change its address for receiving payments by providing written notice to Borrower at the above address.

8. <u>Waiver</u>:    Borrowers waive presentment for payment, demand and notice of dishonor and nonpayment of this Note, and consent to any and all extensions of time, renewals, waivers, or modifications that may be granted by the Lender with respect to the payment or other provisions of this Note, and to the release of any security, or any part thereof, with or without substitution.

9. <u>Governing Law</u>:    The substantive laws of Utah shall govern the validity, construction, enforcement, and interpretation of this Note.   Lender's remedies provided herein are cumulative and in addition to remedies provided by law.

10. <u>Security</u>:  The Promissory Note is secured by a Deed of Trust with Assignments of Rents dated on or about the date hereof, covering Borrower's full interest in the property.

11. <u>Use of Loan Proceeds</u>:    Borrower represents that the funds borrowed pursuant to this Note are to be used exclusively for residential purposes.   Borrower shall pay all of Lender's costs associated with the loan evidenced by this Note, including, without limitation, title policy premiums, escrow fees, recording fees and attorney's fees and costs.

12. <u>Limitation of Interest Rate</u>:   It is the intent of Borrower and Lender in the execution of this Note to contract in strict compliance with any usury laws, if any, governing this Note. Lender and Borrower stipulate and agree that non of the terms and provisions contained in this Note shall ever by construed to create a contract for the use, forbearance or detention of money requiring payment of interest at a rate in excess of the maximum interest rate permitted to be charged by such laws and the provisions of this section shall control over all other provisions of this Note which may be in apparent conflict herewith. In the event any holder of this Note shall collect monies which are deemed to constitute interest which would otherwise increase the effective interest rate on this Note to a rate in excess of that permitted to be charged, all such sums deemed to constitute interest in excel of the maximum permissible rate shall be immediately returned to the maker upon such determination.

13. <u>Time of Essence</u>:    In the performance of the Borrower's obligation under this Note, times is of the essence.

Dated this ___ day of July, 2013

_____
John Darger

EXHIBIT B

RECORDED ELECTRONICALLY
ID 11676867  County Salt Lake
Date 7-2-13  Time 3:56
simplifile  www.simplifile.com  800.460.5657

WHEN RECORDED MAIL TO:
Auntitut Trust
3212 Bel Air Drive
Las Vegas, NV  89109

File No.: 5027

# TRUST DEED
# (WITH ASSIGNMENTS OF RENT)

THIS TRUST DEED with Assignment of Rents is made this *1* day of June, 2013 by John Darger, as TRUSTOR, whose address is 4979 Little Water Peak Drive, Herriman, UT 84096, with Orange Title Insurance Agency as TRUSTEE, and Auntitut Trust, as BENEFICIARY, whose address is 3212 Bel Air Drive, Las Vegas, NV 89109,

WITNESSETH:   That Trustor CONVEYS AND WARRANTS TO TRUSTEE IN TRUST, WITH POWER OF SALE, the Trustor's interest, situated in Salt Lake County, State of Utah:

**LOT 114, HAMILTON FARMS PLANNED UNIT DEVELOPMENT PHASE 1 ACCORDING TO THE PLAT THEREOF AS RECORDED IN THE OFFICE OF THE SALT LAKE COUNTY RECORDER.**

**TOGETHER WITH A RIGHT AND EASEMENT OF USE AND ENJOYMENT IN AND TO THE COMMON AREAS, DESCRIBED AND AS PROVIDED FOR IN THE DECLARATION OF COVENANTS, CONDITIONS AND RESTRICTIONS, AND ANY AMENDMENTS AND/OR SUPPLEMENTS THERETO.**

**Tax Serial No. 32-03-428-017**

Together with all buildings, fixtures and improvements thereon and all water rights, rights of way, easements, rents, issues, profits, income, tenements, hereditaments, privileges and appurtenances thereunto belonging, now or hereafter used or enjoyed with said property, or any part thereof, SUBJECT, HOWEVER, to the right, power and authority hereinafter given to and conferred upon Beneficiary to collect and apply such rents, issues, and profits;

FOR THE PURPOSE OF SECURING (1) payment of the indebtedness evidenced by a promissory note of even date herewith, in the principal sum of **$320,000.00**, made by Trustor, payable to the order of the Beneficiary at the time, manner and with interest therein set forth, and any extensions and/or renewals modifications thereof; (2) the performance of each agreement of Trustor herein contained; (3) the payment of such additional loans or advances as hereafter may be made to Trustor, or his successors or assigns, when evidenced by a promissory note or notes reciting that they are secured by this Trust Deed, and (4) the payment of all sums expended or advanced by Beneficiary under or pursuant to the terms hereof, together with interest thereon as herein provided.

TO PROTECT THE SECURITY OF THIS TRUST DEED, TRUSTOR AGREES:

1. To keep said property in good condition and repair, not to remove or demolish any building thereon, to complete or restore promptly and in good and workmanlike manner any building which may be constructed, damaged or destroyed thereon; to comply with all laws, covenants and restrictions affecting said property; not to commit or permit waste thereof; not to commit, suffer or permit any act upon said property in violation of law; to do all other acts which from the character or use of said property may be reasonably necessary, the specific enumerations herein not excluding the general.

Trustee, upon presentation to it of an affidavit signed by Beneficiary, setting forth facts showing a default by Trustor under this numbered paragraph, is authorized to accept as true and conclusive all facts and statements therein, and to act thereon hereunder.

[1]

To provide and maintain insurance of such type or types and amounts as Beneficiary may require, on the improvements now existing or hereafter erected or placed on said property.  Such insurance shall be carried in companies approved by Beneficiary with loss payable clauses in favor of and in form acceptable to Beneficiary.  In event of loss, Trustor shall give immediate notice to Beneficiary, who may make proof of loss, and each insurance company concerned is hereby authorized and directed to make payment for such loss directly to Beneficiary instead of to Trustor and Beneficiary jointly, and the insurance proceeds, or any part thereof, may be applied by Beneficiary, at its option, to reduction of the indebtedness hereby secured or to the restoration or repair of the property damaged.

    3.   To appear in and defend any action or proceeding purporting to affect the security hereof, the title to said property, or the rights or powers of Beneficiary or Trustee; and should Beneficiary or Trustee elect to also appear in or defend any such action or proceeding, to pay all costs and expenses, including cost of evidence of title and attorney's fees in a reasonable sum incurred by Beneficiary or Trustee.

    4.   To pay at least 10 days before delinquency all taxes and assessments affecting said property, including all assessments upon water company stock and all rents, assessments and charges for water, appurtenant to or used in connection with said property; to pay, when due, all encumbrances, charges, and liens with interest, on said property or any part thereof, which at any time appear to be prior or superior hereto; to pay all cost, fees, and expenses of this Trust.

    5.   Should Trustor fail to make any payment or to do any act as herein provided, then Beneficiary or Trustee, but without obligation so to do and without notice to or demand upon Trustor and without releasing Trustor from any obligation hereof, may: Make or do the same in such manner and to such extent as either may deem necessary to protect the security hereof, Beneficiary or Trustee being authorized to enter upon said property for such purposes; commence, appear in and defend any action or proceeding purporting to affect the security hereof or the rights of powers of Beneficiary or Trustee; pay, purchase, contest, or compromise any encumbrance, charge or lien which in the judgement of either appears to be prior or superior hereto; and in exercising any such powers, incur any liability, expend whatever amounts in its absolute discretion it may deem necessary therefor, including cost of evidence of title, employ counsel, and pay his reasonable fees.

    6.   To pay immediately and without demand all sums expended hereunder by Beneficiary or Trustee, with interest from date of expenditure at the rate of twelve per cent (12%) per annum until paid, and the repayment thereof shall be secured hereby.

IT IS MUTUALLY AGREED THAT:

    7.   Should said property or any part thereof be taken or damaged by reason of any public improvement or condemnation proceeding, or damaged by fire, or earthquake, or in any other manner, Beneficiary shall be entitled to all compensation, awards, and other payments or relief therefore, and shall be entitled at its option to commence, appear in and prosecute in its own name, any action or proceedings, or to make any compromise or settlement, in connection with such taking or damage.  All such compensation, awards, damages, rights of action and proceeds, including the proceeds of any policies of fire and other insurance affecting said property, are hereby assigned to Beneficiary, who may, after deducting therefrom all its expenses, including attorney's fees, apply the same on any indebtedness secured hereby. ; Trustor agrees to execute such further assignments of any compensation, award, damages, and rights of action and proceeds as Beneficiary or Trustee may require.

    8.   At any time and from time to time upon written request of Beneficiary, payment of its fees and presentation of this Trust Deed and the note for endorsement (in case of full reconveyance, for cancellation and retention), without affecting the liability of any person for the payment of the indebtedness secured hereby, Trustee may (a) consent to the making of any map or plat of said property; (b) join in granting any easement or creating any restriction thereon; (c) join in any subordination or other agreement affection this Trust Deed or the lien or charge thereof; (d) reconvey, without warranty, all or any part of said property.  The grantee in any reconveyance may be described as "the person or persons entitled thereto", and the recitals therein of any matters or facts shall be conclusive proof of truthfulness thereof.  Trustor agrees to pay reasonable Trustee's fees for any of the services mentioned in this paragraph.

    9.   As additional security, Trustor hereby assigns Beneficiary, during the continuance of these trusts, all rents, issues, royalties, and profit of the property affected by this Trust Deed and of any personal property located thereon.  Until Trustor shall default in the payment of any indebtedness secured hereby or in the performance of any agreement hereunder, Trustor shall have the right to collect all such rents, issues, royalties, and profits earned prior to default as they becomes due and payable.  If Trustor shall default as aforesaid, Trustor's right to collect any of such moneys shall cease and Beneficiary shall have the right, with or without

[2]

taking possession of the property affected hereby, to collect all rents, royalties, issues, and profits, or a failure or discontinuance of Beneficiary at any time or from time to time to collect any such moneys shall not in any manner affect the subsequent enforcement by Beneficiary of the right, power, and authority to collect the same. Nothing contained herein, nor the exercise of the right by Beneficiary to collect, shall be, or be construed to be, an affirmation by Beneficiary of any tenancy, lease or option, nor an assumption of liability under, nor a subordination of the lien or charge of this Trust Deed to any such tenancy, lease or option.

10. Upon any default by Trustor hereunder, Beneficiary may at any time without notice, either in person, by agent, or by a receiver to be appointed by a court (Trustor hereby consenting to the appointment of Beneficiary as such receiver), and without regard to the adequacy of any security for the indebtedness hereby secured, enter upon and take possession of said property or any part thereof, in its own name sue for or otherwise collect such rents, issues, and profits, including those past due and unpaid, and apply the same, less costs and expenses of operation and collection, including reasonable attorney's fees, upon any indebtedness secured hereby, and in such order as Beneficiary may determine.

11. The entering upon and taking possession of said property, the collection of such rents, issues, and profits, or the proceeds of fire and other insurance policies, or compensation or awards for any taking or damage of said property, and the application or release thereof as aforesaid, shall not cure or waive any default or notice of default hereunder or invalidate any act done pursuant to such notice.

12. The failure on the part of Beneficiary to promptly enforce any right hereunder shall not operate as a waiver of such right and the waiver by Beneficiary of any default shall not constitute a waiver of any other or subsequent default.

13. Time is of the essence hereof. Upon default by Trustor in the payment of any indebtedness secured hereby or in the performance of any agreement hereunder, all sums secured hereby shall immediately becomes due and payable at the option of Beneficiary. In the event of such default, Beneficiary may execute of cause Trustee to execute a written notice of default and of election to cause said property to be sold to satisfy the obligations hereof, and Trustee shall file such notice for record in each county wherein said property or some part or parcel thereof is situated. Beneficiary also shall deposit with Trustee, the note and all documents evidencing expenditures secured hereby.

14. After the lapse of such time as may then be required by law following the recordation of said notice of default, and notice of default and notice of sale having been given as then required by law, Trustee, without demand on Trustor, shall sell said property on the date and at the time and place designated in said notice of sale, either as a whole or in separate parcels, and in such order as it may determine (but subject to any statutory right of Trustor to direct the order in which such property, if consisting of several known lots or parcels, shall be sold), at public auction to the highest bidder, the purchase price payable in lawful money of the United States at the time of sale. The person conducting the sale may, for any cause he deems expedient, postpone the sale from time to time until it shall be completed and, in every case, notice of postponement shall be given by public declaration thereof by such person at the time and place last appointed for the sale; provided, that notice thereof shall be given under all circumstances in accordance with state law. Trustee shall execute and deliver to the purchaser its Deed conveying said property so sold, but without any covenant or warranty, express or implied. The recitals in the Deed of any matters or facts shall be conclusive proof of the truthfulness thereof. Any person, including Beneficiary, may bid at the sale. Trustee shall apply the proceeds of the sale to payment of (1) the costs and expenses of exercising the power of sale and of the sale, including the payment of the Trustee's and attorney's fees; (2) cost of any evidence of title procured in connection with such sale and revenue stamps on Trustee's Deed; (3) all sums expended under the terms hereof, not then repaid, with accrued interest at twelve percent (12%) per annum from date of expenditure; (4) all other sums then secured hereby; and (5) the remainder, if any, to the person or persons legally entitle thereto, or the Trustee, in its discretion, may deposit the balance of such proceeds with the Clerk of Court in any District Court in the county in which the sale took place or otherwise in accordance with state law governing excess proceeds of trustee sales.

15. Upon the occurrence of any default hereunder, Beneficiary shall have the option to declare all sums secured hereby immediately due and payable and foreclose this Trust Deed in the manner provided by law for The foreclosure of mortgages on real property and Beneficiary shall be entitled to recover in such proceeding all costs and expenses incident thereto, including a reasonable attorney's fee in such amount as shall be fixed by the court.

16. Beneficiary may appoint a successor trustee at any time by filing for record in the office of the County Recorder of each county in which said property or some part thereof is situated, a substitution of trustee. From the time the substitution is filed for record, the new trustee shall succeed to all the powers, duties, authority and title of the trustee named herein or of any successor trustee. Each such substitution shall be executed and acknowledged, and notice thereof shall be given and proof thereof made, in the manner provided by law.

[3]

This Trust Deed shall apply to, inure to the benefit of, and bind all parties hereto, their heirs, legatees, devisees, administrators, executors, successors and assigns. All obligations of Trustor hereunder are joint and several. The term "Beneficiary" shall mean the owner and holder, including any pledgee, of the note secured hereby. In this Trust Deed, whenever the context requires, the masculine gender includes the feminine and/or neuter, and the singular number includes the plural.

18.   Trustee accepts this Trust when this Trust Deed, duly executed and acknowledged, is made a public record as provided by law. Trustee is not obligated to notify any party hereto of pending sale under any other Trust Deed or of any action or proceeding in which trustor, Beneficiary, or Trustee shall be a party, unless brought by Trustee.

19.   This Trust Deed shall be construed according to the laws of the state of Utah.

20.   The undersigned Trustor requests that a copy of any notice of default and of any notice of sale hereunder be mailed to him at the address hereinbefore set forth.

DATED this _1_ day of ~~June~~, 2013

_____
John Darger

STATE OF UTAH    )
                         ss.
COUNTY OF _____ )

On the _1_ day of June, 2013, personally appeared before me, John Darger,   the signer(s) of the above instrument, who duly acknowledged to me that he/she/they executed the same.

_____
Notary Public
Residing at: _____
My Commission Expires: _____

BECKY LETHAM
NOTARY PUBLIC · STATE OF UTAH
COMMISSION# 611493
COMM. EXP. 08-27-2015

[4]

EXHIBIT C

11676835
7/2/2013 3:31:00 PM $12.00
Book - 10155 Pg - 9303-9304
Gary W. Ott
Recorder, Salt Lake County, UT
FIRST AMERICAN TITLE PARK CITY
BY: eCASH, DEPUTY - EF 2 P.

Recording Requested by:
First American Title Company, LLC
1755 Prospector Avenue, Suite A-100
Park City, UT 84060
(435)655-6800

AFTER RECORDING RETURN TO:
John Darger
13887 South Lamont Lowell Circle
Herriman, UT 84096

SPACE ABOVE THIS LINE (3 ½" X 5") FOR RECORDER'S USE

# WARRANTY DEED

Escrow No. **041-5565466 (MCM)**
A.P.N.: **32-03-428-017-0000**

**Jefferson M. Martin and Jennifer G. Martin**, Grantor, of **Herriman, Salt Lake** County, State of **UT**, hereby CONVEY AND WARRANT to

**John Darger**, Grantee, of **Herriman, Salt Lake** County, State of **UT**, for the sum of Ten Dollars and other good and valuable considerations the following described tract(s) of land in **Salt Lake** County, State of **Utah**:

**LOT 114, HAMILTON FARMS PLANNED UNIT DEVELOPMENT PHASE 1, ACCORDING TO THE OFFICIAL PLAT THEREOF ON FILE AND OF RECORD IN THE SALT LAKE COUNTY RECORDER'S OFFICE.**

Subject to easements, restrictions and rights of way appearing of record or enforceable in law and equity and general property taxes for the year **2013** and thereafter.

Witness, the hand(s) of said Grantor(s), this **June 26, 2013**.

*Ent 11676835 BK 10155 PG 9303*

A.P.N.: **32-03-428-017-0000**       Warranty Deed - continued       File No.: **041-5565466 (MCM)**

_____          _____
Jefferson M. Martin                        Jennifer G. Martin

| | | |
|---|---|---|
| STATE OF | UTAH | ) |
| | | )ss. |
| County of | Summit | ) |

On this 26th day of June, 2013, before me, the undersigned Notary Public, personally appeared **Jefferson M. Martin and Jennifer G. Martin**, personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that they executed the same in their authorized capacities and that their signatures on the instrument the persons or the entity upon behalf of which the persons acted, executed the instrument.

WITNESS my hand and official seal.

My Commission Expires:                     _____
12/14/2015                                 Notary Public

Notary Public
KELLEY H. PENTZ
Commission #650801
My Commission Expires
December 14, 2015
State of Utah

Page 2 of 2

**BK 10155 PG 9304**

# EXHIBIT D

5027

WHEN RECORDED MAIL TO:
JOHN DARGER
13877 SOUTH LOMONT LOWELL CIR
HERRIMAN, UT  84096

11710288
8/22/2013 11:09:00 AM $10.00
Book - 10171 Pg - 2822
Gary W. Ott
Recorder, Salt Lake County, UT
ORANGE TITLE INS AGCY
BY: eCASH, DEPUTY - EF 1 P.

## _WARRANTY DEED_

**JOHN DARGER**

of HERRIMAN, County of SALT LAKE, State of UTAH                          Grantor,
hereby CONVEY and WARRANTY to

**ULTIMATE ESTATES, LLC**

                                                                        Grantee,

of LAS VEGAS , County of CLARK, State of NEVADA,   for the sum of TEN DOLLARS and other good and
valuable consideration, the following tract of land in SALT LAKE, State of UT, to-wit

**LOT 114, HAMILTON FARMS PLANNED UNIT DEVELOPMENT PHASE 1 ACCORDING TO THE
PLAT THEREOF AS RECORDED IN THE OFFICE OF THE SALT LAKE COUNTY RECORDER.**

**TOGETHER WITH A RIGHT AND EASEMENT OF USE AND ENJOYMENT IN AND TO THE
COMMON AREAS, DESCRIBED AND AS PROVIDED FOR IN THE DECLARATION OF COVENANTS,
CONDITIONS AND RESTRICTIONS, AND ANY AMENDMENTS AND/OR SUPPLEMENTS THERETO.**

**Tax Serial No. 32-03-428-017 "**

Subject to easements, restrictions and rights of way appearing of record and enforceable in law and subject to
2013 taxes and thereafter.

WITNESS the hand of said grantor, this 21st day of August, 2013

_signature_
JOHN DARGER

STATE OF UTAH                    )
                                 :ss
COUNTY OF Salt Lake              )

On the 21st day of August, 2013, personally appeared before me JOHN DARGER, the signer(s) of the within
instrument, who duly acknowledged to me that they executed the same.

_signature_
Notary Public

BECKY LETHAM
NOTARY PUBLIC·STATE OF UTAH
COMMISSION# 611493
COMM. EXP. 08-27-2015

*Ent 11710288 BK 10171 PG 2822*

# EXHIBIT E

  BAP Appeal No. 25-1   Docket No. 16   Filed 03/19/2025   Page: 26 of 104 

Home  My Network  Jobs  Messaging  Notifications  Me ▾   For Business ▾   Try Premium I

### John Darger · 3rd
Ultimate Estates Top Executive Manager

- Ultimate Estates

- Experiance

Herriman, Utah, United States · **Contact info**

47 connections

Follow   Message   More

## About

Need to stop foreclosure? We may be able to buy your house before the foreclosure sale. We buy houses fast!

Ultimate Estates is a private real estate service company. Foreclosure Serv  ...see more

## Activity
51 followers

+ Follow

**John hasn't posted yet**
Recent posts John shares will be displayed here.

Show all activity →

## Experience

**Owner**
Ultimate Estates
2007 - Present · 17 yrs 7 mos

## Education

**Experiance**
Master's Degree, Real Estate
1997

I am a Real Estate professional and I love what I do. My expertise is in many areas including but not limited to Foreclosure Prevention, Short Sales,...

## Licenses & certifications

**Foreclosure Prevention Specialist**
Real Estate Investor
Issued Jan 2008

**Probate Specialist**
Real Estate
Issued Jan 2008

Show all 3 licenses & certifications →

## Projects

**Stoped Foreclosure**
Feb 2012 - Mar 2012

Another successful foreclosure prevention

## Skills

**Real Estate**

👥 1 endorsement

**Real Estate Development**

👥 1 endorsement

Show all 25 skills →

## Publications

**Ultimate Estates**

Show publication ↗

Real Estate Service Company and Foreclosure Prevention Specialist

## Courses

**Real Estate**

## Languages

**English**

## Organizations

**Ultimate Estates**
Manager · Mar 2008 - Present

## Interests

Top Voices     Companies     Groups


**Kiran Mazumdar Shaw** 🔗 · 3rd
Executive Chairperson, Biocon & Biocon Biologics
1,011,939 followers



**Tony Robbins** · 3rd
#1 New York Times best-selling author, life and business strategist, philanthropist, entrepreneur
7,197,710 followers

( + Follow )

Show all Top Voices →

Promoted ···

**Attorney Needed ASAP**
We need attorneys in your area.
Schedule a time to view active legal cases.
Caden also follows LegalMatch

**Earn 5X Points**
at Prepaid Hotels booked through AmexTravel.com. Terms apply.
Jeff also follows American Express

**Other similar profiles**

**Jeremy Zucker** · 3rd
President, Mandell Equities

( View profile )



**Gary Lizotte, MBA** · 3rd
Commercial Real Estate Portfolio Acquisition

( View profile )



**Stuart Fox** · 2nd
Flipping Homes & Passively Acquiring 5,000 Doors

( + Follow )



**Frank Farazmand, JD** · 3rd
29,000+ Connections and Counting

( View profile )



**Brian Peart** · 2nd
Owner Of Commercial Capital Limited & Founder of Nexus Financial Group.

( + Follow )

Show all

**People you may know**
From John's industry

**Joel H. Thompson**
Commercial Real Estate | Candidate for Designation-Appraisal Institute | CCIM Candidate | Local Government | Family Man

( ⚇ Connect )



Susan Banks
Realtor at Chapman Richards & Associates

[Connect]

**Thomas Checketts**
Checketts Development

[Connect]

**Shawn Burnett**
Real Estate, Commercial HVAC, Commercial Plumbing

[Connect]

**Ryan Loveland**
Real Estate Agent at Advent Property Advisors

[Connect]

**Show all**

# EXHIBIT F

## Registered Principals

| Name | Type | City | Status |
|------|------|------|--------|
| ULTIMATE ESTATES LLC | Limited Liability Company | Las Vegas | Active |

| Position | Name | Address | |
|----------|------|---------|--|
| Registered Agent | ULTIMATE ENTERPRISE, LLC | 13887 LAMONT LOWELL CIRCLE | HERRIMAN UT 84096 |
| Manager | ULTIMATE ENTERPRISE, LLC | 13887 LAMONT LOWELL CIRCLE | HERRIMAN UT 84096 |

If you believe there may be more principals, click here to View Filed Documents

Business Name:

# EXHIBIT G

RECORDING REQUESTED BY:

```
12865345
10/10/2018 03:58 PM $10.00
Book - 10720 Pg - 5028
ADAM GARDINER
RECORDER, SALT LAKE COUNTY, UTAH
JOHN DARGER
13887 S LAMONT LOWELL CIR
HERRIMAN UT 84096
BY: DCP, DEPUTY - WI 1 P.
```

WHEN RECORDED MAIL TO:

JOHN DARGER

13887 S LAMONT LOWELL CIR
HERRIMAN, UTAH 84096

-------------------------------------------------- SPACE ABOVE THIS LINE FOR RECORDER'S USE ONLY --------------------------------------------------

# WARRANTY DEED

For the consideration of Ten Dollars, and other good and valuable consideration, I or we, Grantor(s)
**ULTIMATE ESTATES, LLC**

do hereby CONVEY and WARRANT to  **ULTIMATE ENTERPRISE, LLC**                          Grantee,

the following real property situated in SALT LAKE County, State of UTAH :to-wit

**13887 S LAMONT LOWELL CIRCLE**                     **Tax Serial No. 32-03-428-017\***
**HERRIMAN, UTAH 84096**

**LOT 114, HAMILTON FARMS PLANNED UNIT DEVELOPMENT PHASE 1 ACCORDING TO THE PLAT
THEREOF AS RECORDED IN THE OFFICE OF THE SALT LAKE COUNTY RECORDER.**

**TOGETHER WITH A RIGHT AND EASEMENT OF USE AND ENJOYMENT IN AND TO THE COMMON
AREAS, DESCRIBED AND AS PROVIDED FOR IN THE DECLARATION OF COVENANTS, CONDITIONS
AND RESTRICTIONS, AND ANY AMENDMENTS AND/OR SUPPLEMENTS THERETO.**

SUBJECT TO: Current taxes and other assessments, reservations in patents and all easements, rights of way,
encumbrances, liens, covenants, conditions, restrictions, obligations, and liabilities as may appear of record
and enforceable in law, the Grantor warrants the title against all persons whomsoever.

Dated: *October 10, 2018* WITNESS the hand of said grantor(s)

*Ultimate Estates by John Darger*
GRANTOR:                                                            GRANTOR:

STATE OF
COUNTY OF                          } ss

This instrument was acknowledged before me
this _10th_ day of _October_, 20 _18_,
by _John Darger / Ultimate Estates_

**NOTARY PUBLIC
REBECCA DALTON
Commission No. 685333
Commission Expires
SEPTEMBER 23, 2019
STATE OF UTAH**

_____
Notary Public

My commissions expires: _Sept 23, 2019_

The above signed grantor(s) personally appeared before me, and signed the within instrument and
duly acknowledged to me that they executed the same.

*Ent 12865345 BK 10720 PG 5028*

Exhibit H

Darger Mortgage

| | |
|---|---|
| 320000 | initial principal |
| 600 | number of periods for calculating periodic payment |
| initial int rate | 0.06 | payment | $1,684.50 |
| 8/1/2018 int rate | 0.08 | payment | $2,173.68 |
| 9/10/2023 int rate | 0.15 | payment | $4,002.32 |

| Date | Payment Date | Payment Received | Interest Rate | Interest Due | Principal Due | Principal Applied | Total remaining principal due from borrower |
|---|---|---|---|---|---|---|---|
| 7/1/2013 | | | | | | - | 320,000.00 |
| 7/10/2013 | 7/15/13 | 424.32 | 6% | 473.42 | | (49.10) | 320,049.10 |
| 7/22/2013 | 7/22/13 | $2,167.68 | 6% | 631.33 | | 1,536.35 | 318,512.75 |
| 8/10/2013 | 8/16/13 | $1,684.68 | 6% | 994.81 | 689.69 | 689.87 | 317,822.88 |
| 9/10/2013 | | | 6% | 1,619.59 | 64.91 | (1,619.59) | 319,442.47 |
| 10/10/2013 | 10/15/13 | $1,684.68 | 6% | 1,575.33 | 109.17 | 109.35 | 319,333.12 |
| 11/10/2013 | | | 6% | 1,627.29 | 57.21 | (1,627.29) | 320,960.41 |
| 12/10/2013 | 12/13/13 | $1,768.72 | 6% | 1,582.82 | 101.68 | 185.90 | 320,774.51 |
| 1/10/2014 | 2/4/14 | $1,768.72 | 6% | 1,634.63 | 49.87 | 134.09 | 320,640.42 |
| 2/10/2014 | 2/21/14 | $1,768.72 | 6% | 1,633.95 | 50.55 | 134.77 | 320,505.65 |
| 3/10/2014 | 3/17/14 | $1,768.72 | 6% | 1,475.20 | 209.30 | 293.52 | 320,212.13 |
| 4/10/2014 | | | 6% | 1,631.77 | 52.73 | (1,631.77) | 321,843.90 |
| 5/10/2014 | | | 6% | 1,587.18 | 97.32 | (1,587.18) | 323,431.08 |
| 6/10/2014 | 6/16/14 | $1,768.72 | 6% | 1,648.17 | 36.33 | 120.55 | 323,310.53 |
| 7/10/2014 | 7/31/14 | $1,773.48 | 6% | 1,594.41 | 90.09 | 179.07 | 323,131.46 |
| 8/10/2014 | | | 6% | 1,646.64 | 37.86 | (1,646.64) | 324,778.10 |
| 9/10/2014 | | | 6% | 1,655.03 | 29.47 | (1,655.03) | 326,433.13 |
| 10/10/2014 | | | 6% | 1,609.81 | 74.69 | (1,609.81) | 328,042.94 |
| 11/10/2014 | | | 6% | 1,671.67 | 12.83 | (1,671.67) | 329,714.61 |
| 12/10/2014 | | | 6% | 1,625.99 | 58.51 | (1,625.99) | 331,340.60 |
| 1/10/2015 | | | 6% | 1,688.48 | (3.98) | (1,688.48) | 333,029.08 |

| days late | late fees due | Cummullative Late Fees Due | |
|---|---|---|---|
| | | - | partial period - late fees not calculat |
| | | - | partial period - late fees not calculat |
| - | - | - | |
| 31 | 84.22 | 84.22 | |
| 31 | - | 84.22 | |
| - | 84.22 | 168.45 | |
| 25 | - | 168.45 | |
| - | 84.22 | 252.67 | |
| - | - | 252.67 | |
| 31 | - | 252.67 | |
| 30 | 84.22 | 336.90 | |
| - | 84.22 | 421.12 | |
| 21 | - | 421.12 | |
| 31 | 84.22 | 505.35 | |
| 31 | 84.22 | 589.57 | |
| 30 | 84.22 | 673.80 | |
| 31 | 84.22 | 758.02 | |
| 30 | 84.22 | 842.25 | |
| 31 | 84.22 | 926.47 | |
| | 84.22 | 1,010.70 | |

| Date | Date | Payment | Rate | | | | Balance |
|---|---|---|---|---|---|---|---|
| 2/10/2015 | | | 6% | 1,697.08 | (12.58) | (1,697.08) | 334,726.16 |
| 3/10/2015 | | | 6% | 1,540.66 | 143.84 | (1,540.66) | 336,266.82 |
| 4/10/2015 | | | 6% | 1,713.58 | (29.08) | (1,713.58) | 337,980.40 |
| 5/10/2015 | 5/15/15 | $500.00 | 6% | 1,666.75 | 17.75 | (1,166.75) | 339,147.15 |
| 6/10/2015 | 6/16/15 | $500.00 | 6% | 1,728.26 | (43.76) | (1,228.26) | 340,375.41 |
| 7/10/2015 | 7/16/15 | $750.00 | 6% | 1,678.56 | 5.94 | (928.56) | 341,303.97 |
| 8/10/2015 | | | 6% | 1,739.25 | (54.75) | (1,739.25) | 343,043.22 |
| 9/10/2015 | | | 6% | 1,748.11 | (63.61) | (1,748.11) | 344,791.33 |
| 10/10/2015 | 10/1/15 | $750.00 | 6% | 1,700.34 | (15.84) | (950.34) | 345,741.67 |
| 11/10/2015 | 10/30/15 | $750.00 | 6% | 1,761.86 | (77.36) | (1,011.86) | 346,753.53 |
| 12/10/2015 | 12/17/15 | $750.00 | 6% | 1,710.02 | (25.52) | (960.02) | 347,713.55 |
| 1/10/2016 | | | 6% | 1,771.91 | (87.41) | (1,771.91) | 349,485.46 |
| 2/10/2016 | 2/19/16 | $750.00 | 6% | 1,780.94 | (96.44) | (1,030.94) | 350,516.40 |
| 3/10/2016 | | | 6% | 1,670.95 | 13.55 | (1,670.95) | 352,187.35 |
| 4/10/2016 | 4/15/16 | $750.00 | 6% | 1,794.71 | (110.21) | (1,044.71) | 353,232.06 |
| 5/10/2016 | | | 6% | 1,741.97 | (57.47) | (1,741.97) | 354,974.03 |
| 6/10/2016 | | | 6% | 1,808.91 | (124.41) | (1,808.91) | 356,782.94 |
| 7/10/2016 | | | 6% | 1,759.48 | (74.98) | (1,759.48) | 358,542.42 |
| 8/10/2016 | | | 6% | 1,827.09 | (142.59) | (1,827.09) | 360,369.51 |
| 9/10/2016 | | | 6% | 1,836.40 | (151.90) | (1,836.40) | 362,205.91 |
| 10/10/2016 | | | 6% | 1,786.22 | (101.72) | (1,786.22) | 363,992.13 |
| 11/10/2016 | | | 6% | 1,854.86 | (170.36) | (1,854.86) | 365,846.99 |
| 12/10/2016 | | | 6% | 1,804.18 | (119.68) | (1,804.18) | 367,651.17 |
| 1/10/2017 | | | 6% | 1,873.51 | (189.01) | (1,873.51) | 369,524.68 |
| 2/10/2017 | 2/15/17 | $ 1,932.00 | 6% | 1,883.06 | (198.56) | 48.94 | 369,475.74 |
| 3/10/2017 | 3/17/17 | $ 1,685.00 | 6% | 1,700.60 | (16.10) | (15.60) | 369,491.34 |
| 4/10/2017 | 4/27/17 | $ 1,685.00 | 6% | 1,882.89 | (198.39) | (197.89) | 369,689.23 |
| 5/10/2017 | | | 6% | 1,823.12 | (138.62) | (1,823.12) | 371,512.35 |
| 6/10/2017 | | | 6% | 1,893.19 | (208.69) | (1,893.19) | 373,405.54 |
| 7/10/2017 | 7/5/17 | $ 1,685.00 | 6% | 1,841.45 | (156.95) | (156.45) | 373,561.99 |
| 8/10/2017 | 8/24/17 | $ 1,685.00 | 6% | 1,903.63 | (219.13) | (218.63) | 373,780.62 |
| 9/10/2017 | | | 6% | 1,904.75 | (220.25) | (1,904.75) | 375,685.37 |
| 10/10/2017 | | | 6% | 1,852.69 | (168.19) | (1,852.69) | 377,538.06 |
| 11/10/2017 | 11/7/17 | $ 1,685.00 | 6% | 1,923.89 | (239.39) | (238.89) | 377,776.95 |

| | | |
|---|---|---|
| 1,094.92 | 84.22 | 31 |
| 1,179.15 | 84.22 | 28 |
| 1,263.37 | 84.22 | 31 |
| 1,322.60 | 59.22 | - |
| 1,381.82 | 59.22 | - |
| 1,428.55 | 46.72 | - |
| 1,512.77 | 84.22 | 31 |
| 1,597.00 | 84.22 | 31 |
| 1,643.72 | 46.72 | - |
| 1,690.44 | 46.72 | - |
| 1,737.17 | 46.72 | - |
| 1,821.39 | 84.22 | 31 |
| 1,868.12 | 46.72 | - |
| 1,952.34 | 84.22 | 29 |
| 1,999.07 | 46.72 | - |
| 2,083.29 | 84.22 | 30 |
| 2,167.52 | 84.22 | 31 |
| 2,251.74 | 84.22 | 30 |
| 2,335.97 | 84.22 | 31 |
| 2,420.19 | 84.22 | 30 |
| 2,504.42 | 84.22 | 31 |
| 2,588.64 | 84.22 | 30 |
| 2,672.87 | 84.22 | 31 |
| 2,757.09 | - | - |
| 2,757.09 | - | - |
| 2,757.09 | 84.22 | 17 |
| 2,841.32 | 84.22 | 30 |
| 2,925.54 | 84.22 | 31 |
| 3,009.77 | - | - |
| 3,009.77 | - | - |
| 3,009.77 | 84.22 | 31 |
| 3,093.99 | 84.22 | 30 |
| 3,178.22 | - | - |
| 3,178.22 | | |

| Date | | Amount | Rate | | | Balance |
|---|---|---|---|---|---|---|
| 12/10/2017 | | | | | | 377,954.96 |
| 1/10/2018 | | | | | (178.01) | (178.51) | 1,863.01 | 378,195.98 |
| 2/10/2018 | | | | | (241.02) | (241.52) | 1,926.02 | 380,123.23 |
| 12/15/17 | $ | 1,685.00 | 6% | (1,927.25) | (242.75) | 1,927.25 | |
| 1/19/18 | $ | 1,685.00 | 6% | (64.61) | (65.11) | 1,749.61 | 380,187.84 |
| 3/21/2018 | | | | | (252.40) | (252.90) | 1,937.40 | 380,440.24 |
| 3/21/18 | $ | 1,685.00 | 6% | (191.14) | (191.64) | 1,876.14 | 380,631.38 |
| 5/7/18 | $ | 1,685.00 | 6% | (1,939.66) | (255.16) | 1,939.66 | 382,571.04 |
| 5/16/18 | $ | 1,685.00 | 6% | (201.65) | (202.15) | 1,886.65 | 382,772.69 |
| 6/10/2018 | | | | | (1,384.27) | 1,384.27 | 384,156.96 |
| 6/29/18 | $ | 1,685.00 | 6% | 927.21 | 31.62 | 757.79 | 383,229.75 |
| 8/1/2018 | | | | | (918.86) | (430.18) | 2,603.86 | 384,148.61 |
| 8/2/18 | $ | 1,685.00 | 8% | (840.91) | (352.23) | 2,525.91 | 384,989.52 |
| 8/31/18 | $ | 1,685.00 | 8% | (930.82) | (442.14) | 2,615.82 | 385,920.34 |
| 10/4/18 | $ | 1,685.00 | 8% | (852.56) | (363.88) | 2,537.56 | 386,772.90 |
| 11/5/18 | $ | 1,685.00 | 8% | (942.94) | (454.26) | 2,627.94 | 387,715.84 |
| 12/6/18 | $ | 1,685.00 | 8% | (949.34) | (460.66) | 2,634.34 | 388,665.18 |
| 1/4/19 | $ | 1,685.00 | 8% | (700.23) | (211.55) | 2,385.23 | 389,365.41 |
| 2/5/19 | $ | 1,685.00 | 8% | (960.55) | (471.87) | 2,645.55 | 390,325.96 |
| 3/7/19 | $ | 1,685.00 | 8% | (2,566.53) | (392.85) | 2,566.53 | 392,892.49 |
| 4/11/19 | $ | 1,685.00 | 8% | (984.52) | (495.84) | 2,669.52 | 393,877.01 |
| 5/10/2019 | | | | | (904.88) | (416.20) | 2,589.88 | 394,781.89 |
| 5/31/19 | $ | 1,685.00 | 8% | (2,682.35) | (508.67) | 2,682.35 | 397,464.24 |
| 7/18/19 | $ | 1,685.00 | 8% | (2,700.58) | (526.90) | 2,700.58 | 400,164.82 |
| 8/10/2019 | | | | | (2,631.22) | (457.54) | 2,631.22 | 402,796.04 |
| 9/10/2019 | | | | | (2,736.81) | (563.13) | 2,736.81 | 405,532.85 |
| 10/10/2019 | | | | | (2,666.52) | (492.84) | 2,666.52 | 408,199.37 |
| 11/10/2019 | | | | | (2,773.52) | (599.84) | 2,773.52 | 410,972.89 |
| 12/10/2019 | | | | | (2,792.36) | (618.68) | 2,792.36 | 413,765.25 |
| 1/10/2020 | | | | | (2,629.96) | (456.28) | 2,629.96 | 416,395.21 |
| 2/10/2020 | | | | | (2,829.21) | (655.53) | 2,829.21 | 419,224.42 |
| 3/10/2020 | | | | - | (2,756.54) | (582.86) | 2,756.54 | 421,980.96 |
| 4/10/2020 | | | | - | (2,867.16) | (693.48) | 2,867.16 | 424,848.12 |
| 5/10/2020 | | | | - | (2,793.52) | (619.84) | 2,793.52 | 427,641.64 |
| 6/10/2020 | | | | - | (2,905.62) | (731.94) | 2,905.62 | 430,547.26 |

| Days | Amount | Balance | Note |
|---|---|---|---|
| - | - | 3,178.22 | |
| - | - | 3,178.22 | |
| 31 | 84.22 | 3,262.44 | |
| - | - | 3,262.44 | |
| 27 | 84.22 | 3,346.66 | |
| - | - | 3,346.66 | |
| 31 | 84.22 | 3,430.89 | |
| - | - | 3,430.89 | |
| - | - | 3,430.89 | partial period - late fees not calculat |
| - | 24.43 | 3,455.32 | |
| - | 24.43 | 3,479.76 | |
| - | 24.43 | 3,504.19 | |
| - | 24.43 | 3,528.63 | |
| - | 24.43 | 3,553.06 | |
| - | 24.43 | 3,577.49 | |
| - | 24.43 | 3,601.93 | |
| - | 24.43 | 3,626.36 | |
| - | 24.43 | 3,650.79 | |
| 30 | 108.68 | 3,759.48 | |
| - | 24.43 | 3,783.91 | |
| - | 24.43 | 3,808.35 | |
| 31 | 108.68 | 3,917.03 | |
| 31 | 108.68 | 4,025.71 | |
| 30 | 108.68 | 4,134.40 | |
| 31 | 108.68 | 4,243.08 | |
| 30 | 108.68 | 4,351.77 | |
| 31 | 108.68 | 4,460.45 | |
| 31 | 108.68 | 4,569.13 | |
| 29 | 108.68 | 4,677.82 | |
| 31 | 108.68 | 4,786.50 | |
| 30 | 108.68 | 4,895.19 | |
| 31 | 108.68 | 5,003.87 | |
| 30 | 108.68 | 5,112.55 | |
| 31 | 108.68 | 5,221.24 | |

| Date | Pmt Date | Pmt Amt | Rate | Amount | | | Balance |
|---|---|---|---|---|---|---|---|
| 9/10/2020 | - | - | 8% | 2,925.36 | (751.68) | (2,925.36) | 433,472.62 |
| 10/10/2020 | - | - | 8% | 2,850.23 | (676.55) | (2,850.23) | 436,322.85 |
| 11/10/2020 | - | - | 8% | 2,964.60 | (790.92) | (2,964.60) | 439,287.45 |
| 12/10/2020 | - | - | 8% | 2,888.47 | (714.79) | (2,888.47) | 442,175.92 |
| 1/10/2021 | - | - | 8% | 3,004.37 | (830.69) | (3,004.37) | 445,180.29 |
| 2/10/2021 | - | - | 8% | 3,024.79 | (851.11) | (3,024.79) | 448,205.08 |
| 3/10/2021 | - | - | 8% | 2,750.63 | (576.95) | (2,750.63) | 450,955.71 |
| 4/10/2021 | - | - | 8% | 3,064.03 | (890.35) | (3,064.03) | 454,019.74 |
| 5/10/2021 | - | - | 8% | 2,985.34 | (811.66) | (2,985.34) | 457,005.08 |
| 6/10/2021 | 6/4/21 | 1,000.00 | 8% | 3,105.13 | (931.45) | (2,105.13) | 459,110.21 |
| 7/10/2021 | 7/9/21 | 1,000.00 | 8% | 3,018.81 | (845.13) | (2,018.81) | 461,129.02 |
| 8/10/2021 | - | - | 8% | 3,133.15 | (959.47) | (3,133.15) | 464,262.17 |
| 9/10/2021 | - | - | 8% | 3,154.44 | (980.76) | (3,154.44) | 467,416.61 |
| 10/10/2021 | - | - | 8% | 3,073.42 | (899.74) | (3,073.42) | 470,490.03 |
| 11/10/2021 | - | - | 8% | 3,196.75 | (1,023.07) | (3,196.75) | 473,686.78 |
| 12/10/2021 | - | - | 8% | 3,114.65 | (940.97) | (3,114.65) | 476,801.43 |
| 1/10/2022 | - | - | 8% | 3,239.64 | (1,065.96) | (3,239.64) | 480,041.07 |
| 2/10/2022 | - | - | 8% | 3,261.65 | (1,087.97) | (3,261.65) | 483,302.72 |
| 3/10/2022 | - | - | 8% | 2,966.02 | (792.34) | (2,966.02) | 486,268.74 |
| 4/10/2022 | - | - | 8% | 3,303.96 | (1,130.28) | (3,303.96) | 489,572.70 |
| 5/10/2022 | - | - | 8% | 3,219.11 | (1,045.43) | (3,219.11) | 492,791.81 |
| 6/10/2022 | - | - | 8% | 3,348.28 | (1,174.60) | (3,348.28) | 496,140.09 |
| 7/10/2022 | - | - | 8% | 3,262.29 | (1,088.61) | (3,262.29) | 499,402.38 |
| 8/10/2022 | - | - | 8% | 3,393.20 | (1,219.52) | (3,393.20) | 502,795.58 |
| 9/10/2022 | - | - | 8% | 3,416.25 | (1,242.57) | (3,416.25) | 506,211.83 |
| 10/10/2022 | - | - | 8% | 3,328.52 | (1,154.84) | (3,328.52) | 509,540.35 |
| 11/10/2022 | 11/15/22 | 500.00 | 8% | 3,462.08 | (1,288.40) | (2,962.08) | 512,502.43 |
| 12/10/2022 | - | - | 8% | 3,369.88 | (1,196.20) | (3,369.88) | 515,872.31 |
| 1/10/2023 | 1/1/23 | 500.00 | 8% | 3,505.11 | (1,331.43) | (3,005.11) | 518,877.42 |
| 2/10/2023 | - | - | 8% | 3,525.52 | (1,351.84) | (3,525.52) | 522,402.94 |
| 3/10/2023 | - | - | 8% | 3,205.98 | (1,032.30) | (3,205.98) | 525,608.92 |
| 4/10/2023 | - | - | 8% | 3,571.26 | (1,397.58) | (3,571.26) | 529,180.18 |
| 5/10/2023 | - | - | 8% | 3,479.54 | (1,305.86) | (3,479.54) | 532,659.72 |
| 6/10/2023 | - | - | 8% | 3,619.17 | (1,445.49) | (3,619.17) | 536,278.89 |

| | | |
|---|---|---|
| 31 | 108.68 | 5,329.92 |
| 30 | 108.68 | 5,438.60 |
| 31 | 108.68 | 5,547.29 |
| 30 | 108.68 | 5,655.97 |
| 31 | 108.68 | 5,764.66 |
| 31 | 108.68 | 5,873.34 |
| 28 | 108.68 | 5,982.02 |
| 31 | 108.68 | 6,090.71 |
| 30 | 108.68 | 6,199.39 |
| - | 58.68 | 6,258.08 |
| - | 58.68 | 6,316.76 |
| 31 | 108.68 | 6,425.44 |
| 31 | 108.68 | 6,534.13 |
| 30 | 108.68 | 6,642.81 |
| 31 | 108.68 | 6,751.50 |
| 30 | 108.68 | 6,860.18 |
| 31 | 108.68 | 6,968.86 |
| 31 | 108.68 | 7,077.55 |
| 28 | 108.68 | 7,186.23 |
| 31 | 108.68 | 7,294.91 |
| 30 | 108.68 | 7,403.60 |
| 31 | 108.68 | 7,512.28 |
| 30 | 108.68 | 7,620.97 |
| 31 | 108.68 | 7,729.65 |
| 31 | 108.68 | 7,838.33 |
| 30 | 108.68 | 7,947.02 |
| - | 83.68 | 8,030.70 |
| 30 | 108.68 | 8,139.39 |
| - | 83.68 | 8,223.07 |
| 31 | 108.68 | 8,331.75 |
| 28 | 108.68 | 8,440.44 |
| 31 | 108.68 | 8,549.12 |
| 30 | 108.68 | 8,657.80 |
| 31 | 108.68 | 8,766.49 |

| Date | | Rate | | | Balance |
|---|---|---|---|---|---|
| 7/10/2023 | - | 8% | 3,526.22 | (1,352.54) | (3,526.22) | 539,805.11 |
| 8/10/2023 | - | 8% | 3,667.72 | (1,494.04) | (3,667.72) | 543,472.83 |
| 9/9/2023 | - | 8% | 3,573.52 | 203.99 | (3,573.52) | 547,046.35 |
| 10/10/2023 | - | 15% | 224.81 | (2,744.86) | (224.81) | 547,271.16 |
| 11/10/2023 | - | 15% | 6,747.18 | (3,055.72) | (6,747.18) | 554,018.34 |
| 12/10/2023 | - | 15% | 7,058.04 | (2,915.06) | (7,058.04) | 561,076.38 |
| 1/10/2024 | - | 15% | 6,917.38 | (3,233.76) | (6,917.38) | 567,993.76 |
| 2/10/2024 | - | 8% | 7,236.08 | (1,734.73) | (7,236.08) | 575,229.84 |
| 3/10/2024 | - | 8% | 3,908.41 | (1,507.42) | (3,908.41) | 579,138.25 |
| 4/10/2024 | - | 8% | 3,681.10 | (1,786.30) | (3,681.10) | 582,819.35 |
| 5/10/2024 | - | 8% | 3,959.98 | (1,684.60) | (3,959.98) | 586,779.33 |
| 6/10/2024 | - | 8% | 3,858.28 | (1,839.42) | (3,858.28) | 590,637.61 |
| 7/10/2024 | - | 8% | 4,013.10 | (1,736.35) | (4,013.10) | 594,650.71 |
| 8/10/2024 | - | 8% | 3,910.03 | (1,893.25) | (3,910.03) | 598,560.74 |
| 9/9/2024 | - | 8% | 4,066.93 | (209.44) | (4,066.93) | 602,627.67 |
| 10/10/2024 | - | 15% | 3,962.48 | (3,479.26) | (3,962.48) | 606,590.15 |
| 11/10/2024 | - | 15% | 249.28 | (3,823.96) | (249.28) | 606,839.43 |
| 12/10/2024 | - | 15% | 7,481.58 | (3,667.99) | (7,481.58) | 614,321.01 |
| | | 15% | 7,826.28 | | (7,826.28) | 622,147.29 |
| | | 15% | 7,670.31 | | (7,670.31) | 629,817.60 |

| Days | Amount | Balance | Note |
|---|---|---|---|
| 30 | 108.68 | 8,875.17 | |
| 31 | 108.68 | 8,983.86 | |
| | | 8,983.86 | partial period - late fees not calculat |
| 31 | 200.12 | 9,183.97 | |
| 30 | 200.12 | 9,384.09 | |
| 31 | 200.12 | 9,584.20 | |
| 30 | 200.12 | 9,784.32 | |
| 31 | 200.12 | 9,984.44 | |
| 31 | 108.68 | 10,093.12 | |
| 29 | 108.68 | 10,201.80 | |
| 31 | 108.68 | 10,310.49 | |
| 30 | 108.68 | 10,419.17 | |
| 31 | 108.68 | 10,527.86 | |
| 30 | 108.68 | 10,636.54 | |
| 31 | 108.68 | 10,745.22 | |
| | | 10,745.22 | partial period - late fees not calculat |
| 31 | 200.12 | 10,945.34 | |
| 30 | 200.12 | 11,145.46 | |
| 31 | 200.12 | 11,345.57 | |
| 30 | 200.12 | 11,545.69 | |

EXHIBIT I

**From:** **Rylie Stegman** rstegman@sltrib.com  
**Subject:** Re: Publication of Notice of Trustee's Sale  
**Date:** January 11, 2024 at 10:08 AM  
**To:** Phil Ballif  ballif@godfreytrial.com



Hi Phil! Here is that affidavit!

On Thu, Jan 11, 2024 at 9:06 AM Phil Ballif <ballif@godfreytrial.com> wrote:

> Rylie:
>
>  The three publications should have been completed. Please send over the affidavit of publication along with the publications as well.
>
> Thank you!
>
> —Phil Ballif
>
> 
>
>> On Dec 21, 2023, at 11:42 AM, Rylie Stegman <rstegman@sltrib.com> wrote:
>>
>> You are all set with ad number SLT0025573! Shoot me an email after final publication and I will send over an affidavit!
>>
>> On Thu, Dec 21, 2023 at 10:52 AM Phil Ballif <ballif@godfreytrial.com> wrote:
>>> Let's go ahead and start this Sunday, Dec. 24, 2023. Thanks!
>>>
>>> —Phil Ballif
>>>
>>> 

On Dec 21, 2023, at 10:49 AM, Rylie Stegman <rstegman@sltrib.com> wrote:

Hi Phil! I forgot to ask - would you prefer to start this Sunday or next? I see the dates in your original request and figured I would check before I send anything through!

On Thu, Dec 21, 2023 at 10:48 AM Phil Ballif <ballif@godfreytrial.com> wrote:

Riley:

Thank you for getting back to me on this so quickly. I have reviewed and approved the proof, pricing, and dates for publication. Attached is the payment authorization form signed by Julie Godfrey of Godfrey Law, the law firm that I work for. Please forward a receipt for payment and a confirmation of the order for publication of the notice of trustee's sale. What documentation will you provide me with upon completion of the three publications?

Thanks!

—Phil Ballif

**GODFREY LAW**
PROFESSIONAL CORPORATION
(303) 228-0700
Godfreytrial.com

On Dec 21, 2023, at 10:05 AM, Rylie Stegman <rstegman@sltrib.com> wrote:

Good morning! Here is that proof/pricing! I have also attached our pre-pay form, which I will need back before 10am tomorrow to run this Sunday. Thanks!

On Wed, Dec 20, 2023 at 2:39 PM Phil Ballif

<[ballif@godfreytrial.com](mailto:ballif@godfreytrial.com)> wrote:

I would like the SL Tribune to publish a Notice of Trustee's Sale in accordance with Utah Code 57-1-25(1)(a). Here is the information requested by your website:

1. **Name, address, and telephone number of the billing party**: Philip M. Ballif - 175 W. Canyon Crest Road, Suite 104, Alpine, UT 84004 - (801) 871-8855.
2. **The days you want the notice to publish**: (a) at least three times; (b) at least once a week for three consecutive weeks; and (c) the last publication to take place no later than January 19, 2024 - *preferably on 12/31/23, 1/7/24, and 1/14/24*.

Attached are a PDF of the recorded Notice of Trustee's Sale and a word document containing the text of the notice to be published.

Please confirm receipt of this publication request, provide a price quote, and confirm dates for publication.

Respectfully,

—Phil Ballif



--

 **Rylie Stegman (She/Her)**
Advertising Account Executive

**M:** (801) 237.2000

90 S. 400 W. SLC, UT. 84101 STE. 600

Support The Tribune | Subscribe Today!

--

 **Rylie Stegman (She/Her)**
Advertising Account Executive

**M:** (801) 237.2000

90 S. 400 W. SLC, UT. 84101 STE. 600

Support The Tribune | Subscribe Today!

--

 **Rylie Stegman (She/Her)**
Advertising Account Executive

**M:** (801) 237.2000

90 S. 400 W. SLC, UT. 84101 STE. 600

Support The Tribune | Subscribe Today!

--

 **Rylie Stegman (She/Her)**
Advertising Account Executive

**M:** (801) 237.2000

90 S. 400 W. SLC, UT. 84101 STE. 600

Support The Tribune | Subscribe Today!

90 S 400 W STE 600
SALT LAKE CITY, UT 84101-1431

**The Salt Lake Tribune**

PROOF OF PUBLICATION     CUSTOMER'S COPY

NOTICE OF TRUSTEE'S SALE

CUSTOMER NAME AND ADDRESS

GODFREY LAW

The following described property will be sold at public auction to the highest

The Salt Lake Tribune

GODFREY LAW
PHILIP M. BALLIF
175 W CANYON CREST RD STE 104
Alpine, UT 84004
ballif@godfreytrial.com

| ACCOUNT NUMBER |
| --- |
| 21077 |

| ACCOUNT NAME |
| --- |
| GODFREY LAW |

| TELEPHONE |
| --- |
| 801-871-8855 |

| ORDER # |
| --- |
| SLT0025573 |

| CUSTOMER REFERENCE NUMBER |
| --- |
| |

| CAPTION |
| --- |
| NOTICE OF TRUSTEE'S SALE The following described property will be sold at public auction to the highest bidder, payable in lawful money of the United States at the time of sale, at the main entrance of the Salt Lake County Third District Courthouse – West Jordan located at 8080 South Redwood Road, West Jordan, Utah 84088, on January 30, 2024, at 11:00 A.M. of said day, for the purpose of foreclosing a trust deed dated July 1, 2013, and executed by John Darger as trustor, in favor of Auntitut Trust (properly spelled Auntie Tut Trust), which Trust Deed was recorded on July 2, 2013, in Book 101155, Page 9409-9412, in the Records of Salt Lake County, State of Utah, Recorder's Entry No. 11676867, covering real property located at 13887 S. |

| TOTAL COST |
| --- |
| $577.40 |

bidder, payable in lawful money of the United States at the time of sale, at the main entrance of the Salt Lake County Third District Courthouse – West Jordan located at 8080 South Redwood Road, West Jordan, Utah 84088, on January 30, 2024, at 11:00 A.M. of said day, for the purpose of foreclosing a trust deed dated July 1, 2013, and executed by John Darger as trustor, in favor of Auntitut Trust (properly spelled Auntie Tut Trust), which Trust Deed was recorded on July 2, 2013, in Book 101155, Page 9409-9412, in the Records of Salt Lake County, State of Utah, Recorder's Entry No. 11676867, covering real property located at 13887 S. Lamont Lowell Circle, Herriman, Utah 84096, more particularly described as:

**PROPERTY DESCRIPTION:**

LOT 114, HAMILTON FARMS PLANNED UNIT DEVELOPMENT PHASE 1 ACCORDING TO THE PLAT THEREOF AS RECORDED IN THE OFFICE OF THE SALT LAKE COUNTY RECORDER.

TOGETHER WITH A RIGHT AND EASEMENT OF USE AND ENJOYMENT IN AND TO THE COMMON AREAS, DESCRIBED AND AS PROVIDED FOR IN THE DECLARATION OF COVENANTS, CONDITIONS AND RESTRICTIONS, AND ANY AMENDMENTS AND/OR SUPPLEMENTS THERETO.

TAX SERIAL NO. 32-03-428-017

The current beneficiary of the trust deed is Janice Lee Jones, trustee of the Auntie Tut Trust, and the record owner of the property as of the recording of the Notice of Default is Ultimate Enterprise, LLC, whose manager and resident agent is the trustor of the Trust Deed, John R. Darger.

Bidders must tender to the trustee a $20,000.00 deposit at the sale and the balance of the purchase price by 12:00 noon the day following the sale. The deposit must be in the form of a bank or credit union cashier's check or bank official check, payable to Philip M. Ballif, Esq., Substitute Trustee. The balance must be in the form of a wire transfer, bank or credit union cashier's check, bank official check, or U.S. Postal money order payable to Philip M. Ballif, Esq., Substitute Trustee. A bank or credit union cashier's check must be pre-printed and clearly state that it is a cashier's check. A bank official check must be preprinted and clearly state that it is an official check. Cash payments, personal checks, or trust checks are not accepted. A trustee's deed will be delivered within three business days after receipt of the amount bid.

Dated this 20th day of December 2023.

/s/ Philip M. Ballif
PHILIP M. BALLIF, ESQ., Substitute Trustee
175 W. Canyon Crest Road, Suite 104
Alpine, Utah 84004
(801) 871-8855

SLT0025573

### AFFIDAVIT OF PUBLICATION

AS THE SALT LAKE TRIBUNE, INC. LEGAL BOOKER, I CERTIFY THAT THE ATTACHED ADVERTISEMENT OF NOTICE OF TRUSTEE'S SALE The following described property will be sold at public auction to the highest bidder, payable in lawful money of the United States at the time of sale, at the main entrance of the Salt Lake County Third District Courthouse – West Jordan located at 8080 South Redwood Road, West Jordan, Utah 84088, on January 30, 2024, at 11:00 A.M. of said day, for the purpose of foreclosing a trust deed dated July 1, 2013, and executed by John Darger as trustor, in favor of Auntitut Trust (properly spelled Auntie Tut Trust), which Trust Deed was recorded on July 2, 2013, in Book 101155, Page 9409-9412, in the Records of Salt Lake County, State of Utah, Recorder's Entry No. 11676867, covering real property located at 13887 S. FOR GODFREY LAW WAS PUBLISHED BY THE SALT LAKE TRIBUNE, INC., WEEKLY NEWSPAPER PRINTED IN THE ENGLISH LANGUAGE WITH GENERAL CIRCULATION IN UTAH, AND PUBLISHED IN SALT LAKE CITY, SALT LAKE COUNTY IN THE STATE OF UTAH. NOTICE IS ALSO POSTED ON UTAHLEGALS.COM ON THE SAME DAY AS THE FIRST NEWSPAPER PUBLICATION DATE AND REMAINS ON UTAHLEGALS.COM INDEFINITELY. COMPLIES WITH UTAH DIGITAL SIGNATURE ACT UTAH CODE 46-2-101; 46-3-104.

PUBLISHED ON  12/24/2023, 12/31/2023, 01/07/2024

DATE  01/11/2024                                    SIGNATURE  _Jordyn Gallegos_

STATE OF UTAH
COUNTY OF  SALT LAKE

SUBSCRIBED AND SWORN TO BEFORE ME ON THIS  11th DAY OF JANUARY IN THE YEAR 2024

BY  Jordyn Gallegos

LAREE WHITMER
NOTARY PUBLIC•STATE OF UTAH
COMMISSION# 715683
COMM. EXP. 12-09-2024

_Laree Whitmer_
NOTARY PUBLIC SIGNATURE

Exhibit J

14237965 B: 11490 P: 734 Total Pages: 2
05/08/2024 01:38 PM By: tpham Fees: $40.00
Rashelle Hobbs, Recorder, Salt Lake County, Utah
Return To: KIRTON & MCCONKIE
36 SOUTH STATE STREET, SUITE 1SALT LAKE CITY, UT 84111

WHEN RECORDED MAIL TO:
Jeremy C. Sink, Esq.
KIRTON MCCONKIE.
36 South State Street, Suite 1900
Salt Lake City, UT 84111
(801) 239-3157

## NOTICE OF TRUSTEE'S SALE

The following described property will be sold at public auction to the highest

bidder, payable in lawful money of the United States at the time of sale, at the main

entrance of the Salt Lake County Third District Courthouse – West Jordan located at

8080 South Redwood Road, West Jordan, Utah 84088, on June 5, 2024, at 10:00 A.M.

of said day, for the purpose of foreclosing a trust deed dated July 1, 2013, and executed

by John Darger as trustor, in favor of Auntitut Trust (properly spelled Auntie Tut Trust),

which Trust Deed was recorded on July 2, 2013, in Book 101155, Page 9409-9412, in

the Records of Salt Lake County, State of Utah, Recorder's Entry No. 11676867,

covering real property located at 13887 S. Lamont Lowell Circle, Herriman, Utah 84096,

more particularly described as:

> **PROPERTY DESCRIPTION**:
>
> LOT 114, HAMILTON FARMS PLANNED UNIT
> DEVELOPMENT PHASE 1 ACCORDING TO THE PLAT
> THEREOF AS RECORDED IN THE OFFICE OF THE SALT
> LAKE COUNTY RECORDER.
>
> TOGETHER WITH A RIGHT AND EASEMENT OF USE AND
> ENJOYMENT IN AND TO THE COMMON AREAS,
> DESCRIBED AND AS PROVIDED FOR IN THE
> DECLARATION OF COVENANTS, CONDITIONS AND
> RESTRICTIONS, AND ANY AMENDMENTS AND/OR
> SUPPLEMENTS THERETO.
>
> TAX SERIAL NO. 32-03-428-017

The current beneficiary of the trust deed is Janice Lee Jones, trustee of the

Auntie Tut Trust, and the record owner of the property as of the recording of the Notice

of Default is Ultimate Enterprise, LLC, whose manager and resident agent is the trustor of the Trust Deed, John R. Darger.

Bidders must tender to the trustee a $20,000.00 deposit at the sale and the balance of the purchase price by 12:00 noon the day following the sale. The deposit must be in the form of a bank or credit union cashier's check or bank official check, payable to Jeremy C. Sink, Esq., Substitute Trustee. The balance must be in the form of a wire transfer, bank or credit union cashier's check, bank official check, or U.S. Postal money order payable to Jeremy C. Sink, Esq., Substitute Trustee. A bank or credit union cashier's check must be pre-printed and clearly state that it is a cashier's check. A bank official check must be preprinted and clearly state that it is an official check. Cash payments, personal checks, or trust checks are not accepted. A trustee's deed will be delivered within three business days after receipt of the amount bid.

Dated this 7th day of May, 2024.

_____
JEREMY C. SINK, ESQ., Substitute Trustee


STATE OF UTAH            )
                         ) ss.
COUNTY OF UTAH           )

On the 7th day of May, A.D. 2024, personally appeared before me JEREMY C. SINK the signer of the within instrument, who duly acknowledged to me that he executed the same.

_____
Notary Public



CHLOE ANN SATTERTHWAITE
Notary Public  State of Utah
My Commission Expires on:
May 27, 2025
Comm. Number: 718583

2

EXHIBIT K

WHEN RECORDED MAIL TO:
Jeremy C. Sink, Esq.
KIRTON MCCONKIE.
36 South State Street, Suite 1900
Salt Lake City, UT 84111
(801) 239-3157

## NOTICE OF TRUSTEE'S SALE

The following described property will be sold at public auction to the highest

bidder, payable in lawful money of the United States at the time of sale, at the main

entrance of the Salt Lake County Third District Courthouse – West Jordan located at

8080 South Redwood Road, West Jordan, Utah 84088, on December 31, 2024, at

11:00 A.M. of said day, for the purpose of foreclosing a trust deed dated July 1, 2013,

and executed by John Darger as trustor, in favor of Auntitut Trust (properly spelled

Auntie Tut Trust), which Trust Deed was recorded on July 2, 2013, in Book 101155,

Page 9409-9412, in the Records of Salt Lake County, State of Utah, Recorder's Entry

No. 11676867, covering real property located at 13887 S. Lamont Lowell Circle,

Herriman, Utah 84096, more particularly described as:

> **PROPERTY DESCRIPTION**:
>
> LOT 114, HAMILTON FARMS PLANNED UNIT
> DEVELOPMENT PHASE 1 ACCORDING TO THE PLAT
> THEREOF AS RECORDED IN THE OFFICE OF THE SALT
> LAKE COUNTY RECORDER.
>
> TOGETHER WITH A RIGHT AND EASEMENT OF USE AND
> ENJOYMENT IN AND TO THE COMMON AREAS,
> DESCRIBED AND AS PROVIDED FOR IN THE
> DECLARATION OF COVENANTS, CONDITIONS AND
> RESTRICTIONS, AND ANY AMENDMENTS AND/OR
> SUPPLEMENTS THERETO.
>
> TAX SERIAL NO. 32-03-428-017

The current beneficiary of the trust deed is Janice Lee Jones, trustee of the

Auntie Tut Trust, and the record owner of the property as of the recording of the Notice

of Default is Ultimate Enterprise, LLC, whose manager and resident agent is the trustor of the Trust Deed, John R. Darger.

Bidders must tender to the trustee a $20,000.00 deposit at the sale and the balance of the purchase price by 12:00 noon the day following the sale. The deposit must be in the form of a bank or credit union cashier's check or bank official check, payable to Jeremy C. Sink, Esq., Substitute Trustee. The balance must be in the form of a wire transfer, bank or credit union cashier's check, bank official check, or U.S. Postal money order payable to Jeremy C. Sink, Esq., Substitute Trustee. A bank or credit union cashier's check must be pre-printed and clearly state that it is a cashier's check. A bank official check must be preprinted and clearly state that it is an official check. Cash payments, personal checks, or trust checks are not accepted. A trustee's deed will be delivered within three business days after receipt of the amount bid.

Dated this 2nd day of December, 2024.

_____
JEREMY C. SINK, ESQ., Substitute Trustee


STATE OF UTAH        )
                     ) ss.
COUNTY OF UTAH       )

On the 2nd day of December, A.D. 2024, personally appeared before me JEREMY C. SINK the signer of the within instrument, who duly acknowledged to me that he executed the same.

_____
Notary Public


CHLOE ANN SATTERTHWAITE
Notary Public  State of Utah
My Commission Expires on:
May 27, 2025
Comm. Number: 718583

2

# Exhibit L

Mail Tax Notice to:

John Darger
13887 S Lamont Lowell Cir
Herriman, UT 84096

```
14330423  B: 11542 P: 761  Total Pages: 1
12/30/2024 02:55 PM  By: salvarado  Fees: $40.00
Rashelle Hobbs,Recorder, Salt Lake County, Utah
Return To: JOHN DARGER
13887 S LAMONT LOWELL CIRHERRIMAN, UT 84096
```

FILE NO.:

## QUIT CLAIM DEED

**ULTIMATE ENTERPRISE, LLC, A UTAH LIMITED LIABIITY COMPANY, GRANTOR, of SALT LAKE COUNTY, STATE OF UTAH, HEREBY CONVEYS and QUIT CLAIMS to ULTIMATE ENTERPRISE, LLC AND LORENZO LUCIANO LOPEZ, AN INDIVIDUAL SINGLE MAN OF SALT LAKE COUNTY, STATE OF UTAH, GRANTEES, AS TENANTS IN COMMON, FOR THE SUM OF TEN DOLLARS AND OTHER VALUABLE CONSIDERATIONS*****
the following described tract(s) of land in SALT LAKE County, State of Utah, to-wit:**

**LOT 114, HAMILTON FARMS PLANNED UNIT DEVELOPMENT PHASE 1 ACCORDING TO THE PLAT THEREOF AS RECORDED IN THE OFFICE OF THE SALT LAKE COUNTY RECORDER.**

**TOGETHER WITH A RIGHT AND EASEMENT OF USE AND ENJOYMENT IN AND TO THE COMMON AREAS, DESCRIBED AND AS PROVIDED FOR IN THE DECLARATION OF CONVENANTS, CONDITIONS, AND RESTRICTIONS, AND ANY AMENDMENTS AND/OR SUPPLEMENTS THERETO.**

**Subject to current taxes and other assessments, reservations in patents and all easements, rights of way, encumbrances, liens, covenants, conditions, restrictions, obligations, and liabilities as may appear of record or enforceable in law and equity.**

**The street address and other common designation of the real property described above is purported to be:
13887 S Lamont Lowell Cir
Herriman, UT 84096
Property Tax ID No.: 32-03-428-017-0000**

**WITNESS the hand(s) of said grantor(s), this 30th day of December, 2024.**

**Signed in the presence of**

By: JOHN DARGER, MANAGING MEMBER OF
ULTIMATE ENTERPRISE, LLC

| | |
|---|---|
| **STATE OF    UTAH** | ) |
| | ).ss |
| **County of    SALT LAKE** | ) |

**On the 30 day of December, 2024, personally appeared before me, JOHN DARGER, MANAGING MEMBER OF ULTIMATE ENTERPRISE, LLC, the signer of the above instrument, who duly acknowledged to me that he executed the same.**

NOTARY PUBLIC
Residing In:
My Commission Expires:

NOTARY PUBLIC
Mary Alice Willis
721839
My Commission Expires
12/06/2025
STATE OF UTAH

# Exhibit M

| | |
|---|---|
| **From:** | Lorenzo Lopez <lorenzolucianolopez@gmail.com> |
| **Sent:** | Tuesday, December 31, 2024 10:29 AM |
| **To:** | Jeremy Sink |
| **Subject:** | Lorenzo Lopez Chapter 13 bankruptcy |
| **Attachments:** | lopez United States Bankruptcy Court cert.pdf; 5031037144325758201.jpg |

CAUTION: EXTERNAL

Mr. Sink,

My name is Lorenzo Lopez.  I co-own the real property located at 13887 Lamont Lowell Circle Herriman, UT 84096 with Ultimate Enterprise LLC.

I filed a chapter 13 bankruptcy petition yesterday.  The case was assigned case number 24-26705.  I attached a copy of the bankruptcy certificate.
The quit claim deed showing my ownership in the property is attached as well.

I need the regular monthly post petition mortgage payment on the property loan so I can start making the regular monthly mortgage payment.

Please confirm that you have canceled the foreclosure sale.

Sincerely,

Lorenzo Lopez

United States Bankruptcy Court
District of Utah

**Notice of Bankruptcy Case Filing**

A bankruptcy case concerning the debtor(s) listed below
was filed under Chapter 13 of the United States
Bankruptcy Code, entered on 12/30/2024 at 3:22 PM and
filed on 12/30/2024.



**Lorenzo Luciano Lopez**
13887 Lamont Lowell Circle
Herriman, UT 84096
385-474-1541
SSN / ITIN: xxx-xx-0681
*aka* **Lorenzo L Lopez**
*aka* **Lorenzo Lopez**

The bankruptcy trustee is:

**Lon Jenkins tr**
Ch. 13 Trustee's Office
465 South 400 East
Suite 200
Salt Lake City, UT 84111
801-596-2884

The case was assigned case number 24-26705 to Judge Joel T. Marker.

In most instances, the filing of the bankruptcy case automatically stays certain collection and other
actions against the debtor and the debtor's property. Under certain circumstances, the stay may be
limited to 30 days or not exist at all, although the debtor can request the court to extend or impose a
stay. If you attempt to collect a debt or take other action in violation of the Bankruptcy Code, you
may be penalized. Consult a lawyer to determine your rights in this case.

If you would like to view the bankruptcy petition and other documents filed by the debtor, they are
available at our *Internet* home page http://www.utb.uscourts.gov/ or at the Clerk's Office, 350
South Main #301, Salt Lake City, UT 84101.

You may be a creditor of the debtor. If so, you will receive an additional notice from the court setting
forth important deadlines.

**David A. Sime**
**Clerk, U.S. Bankruptcy Court**

Mail Tax Notice to:

John Darger
13887 S Lamont Lowell Cir
Herriman, UT 84096

14330423  B: 11542 P: 761  Total Pages: 1
12/30/2024 02:55 PM  By: salvarado  Fees: $40.00
Rashelle Hobbs, Recorder, Salt Lake County, Utah
Return To: JOHN DARGER
13887 S LAMONT LOWELL CIRHERRIMAN, UT 84096

FILE NO.:

## QUIT CLAIM DEED

**ULTIMATE ENTERPRISE, LLC, A UTAH LIMITED LIABIITY COMPANY, GRANTOR,** of SALT
LAKE COUNTY, STATE OF UTAH, HEREBY CONVEYS and QUIT CLAIMS to **ULTIMATE
ENTERPRISE, LLC AND LORENZO LUCIANO LOPEZ, AN INDIVIDUAL SINGLE MAN** OF SALT
LAKE COUNTY, STATE OF UTAH, **GRANTEES, AS TENANTS IN COMMON, FOR THE SUM OF
TEN DOLLARS AND OTHER VALUABLE CONSIDERATIONS**\*\*\*\*\*
the following described tract(s) of land in SALT LAKE County, State of Utah, to-wit:

**LOT 114, HAMILTON FARMS PLANNED UNIT DEVELOPMENT PHASE 1 ACCORDING TO THE
PLAT THEREOF AS RECORDED IN THE OFFICE OF THE SALT LAKE COUNTY RECORDER.**

**TOGETHER WITH A RIGHT AND EASEMENT OF USE AND ENJOYMENT IN AND TO THE
COMMON AREAS, DESCRIBED AND AS PROVIDED FOR IN THE DECLARATION OF
CONVENANTS, CONDITIONS, AND RESTRICTIONS, AND ANY AMENDMENTS AND/OR
SUPPLEMENTS THERETO.**

Subject to current taxes and other assessments, reservations in patents and all easements, rights of way,
encumbrances, liens, covenants, conditions, restrictions, obligations, and liabilities as may appear of
record or enforceable in law and equity.

The street address and other common designation of the real property described above is purported to
be:
**13887 S Lamont Lowell Cir
Herriman, UT 84096**
Property Tax ID No.: **32-03-428-017-0000**

WITNESS the hand(s) of said grantor(s), this ___30___<sup>th</sup> day of December, 2024.

Signed in the presence of

_____
By: JOHN DARGER, MANAGING MEMBER OF
ULTIMATE ENTERPRISE, LLC

**STATE OF     UTAH**                                    )
                                                        ).ss
**County of     SALT LAKE**                              )

On the ___30___ day of December, 2024, personally appeared before me, JOHN DARGER, MANAGING
MEMBER OF ULTIMATE ENTERPRISE, LLC, the signer of the above instrument, who duly
acknowledged to me that he executed the same.

_____
**NOTARY PUBLIC**
**Residing In:**
**My Commission Expires:**

NOTARY PUBLIC
Mary Alice Willis
721839
My Commission Expires
12/06/2025
STATE OF UTAH

# EXHIBIT N

Jeremy C. Sink (Utah Bar No. 9916)
Alyssa K. Nielsen (18066)
**KIRTON MCCONKIE**
36 South State Street, Suite 1900
Salt Lake City, Utah 84111
Telephone: (801) 239-3157
E-mail: jsink@kmclaw.com
*Attorneys for Defendants*

## UNITED STATES BANKRUPTCY APPELLATE PANEL

## OF THE TENTH CIRCUIT

| | |
|---|---|
| In re:<br><br>LORENZO LUCIANO LOPEZ,<br><br>Debtor. | BAP Appeal No. 25-001<br><br>Bankr. No. 24-26705<br><br>Chapter 13 |

## <u>DECLARATION OF JEREMY C. SINK</u>

Jeremy C. Sink hereby declares and states as follows:

1.      I am an attorney with Kirton McConkie and maintain an office at 36 South State Street, Suite 1900, Salt Lake City, Utah 84111, telephone 801-239-3157.

2.      I am in good standing with the State of Utah bar.

3.      I was the substitute trustee for the Trust Deed securing recorded with the Salt Lake County Recorder's office as entry number 11676867 on July 2, 2013 related to the real property located at 13887 S. Lamont Lowell Circle, Herriman, Utah (hereinafter the "Property"). .  A copy of the Deed of Trust is attached as Exhibit B to the Motion.

4.      I attended the Trustee's Sale on December 31, 2024.

5.      John Darger and his wife were at the Trustee's Sale.

6.      Mr. Darger was aware of an email from Mr. Lopez to me sent earlier on December 31, 2024 and provided me copies of the attachments from the email (notice of the bankruptcy filing by Lorenzo Luciano Lopez and a copy of the deed transferring the Property to Mr. Lopez).

7.      Mr. Lopez was not at the Trustee's Sale on December 31, 2024.

8.      At the December 31, 2024 Trustee's Sale I continued the sale to January 24, 2025.

I declare under penalty of perjury that the foregoing is true and correct.

DATED this 19th day of March, 2025

_____/s/Jeremy C. Sink_____
Jeremy C. Sink

**CERTIFICATE OF SERVICE – BY NOTICE OF ELECTRONIC FILING (CM/ECF)**

I hereby certify that on March 19, 2025, I electronically filed the foregoing with the United States Bankruptcy Appellatte Panel of the Tenth Circuit by using the CM/ECF system. I further certify that the parties of record in this case, as identified below, are registered CM/ECF users and will be served through the CM/ECF system:

- **Lon Jenkins tr**    ecfmail@ch13ut.org, lneebling@ch13ut.org
- **Jeremy C. Sink**    jsink@kmclaw.com, mcarlson@kmclaw.com
- **United States Trustee**    USTPRegion19.SK.ECF@usdoj.gov

By Mail:
Johnathan Darger
13887 Lamont Lowell Circle
Herriman, UT 84096

Lorenzo Luciano Lopez
13887 Lamont Lowell Circle
Herriman, UT 84096

By Email:
Johnathan Darger
Jndarger1@gmail.com

Lorenzo Lopez
lorenzolucianolopez@gmail.com

---

**All other parties registered with CM/ECF and entitled to notice in this case:**

**None**

/S/ Margaret Carlson

EXHIBIT O

*Order Prepared by:*
Jeremy C. Sink (9916)
**KIRTON MCCONKIE**
36 South State Street, Suite 1900
Salt Lake City, UT 84111
Telephone: (801) 239-3157
Email: jsink@kmclaw.com
Attorneys for Creditor:  Auntie Tut Trust

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| In re:<br><br>LORENZO LUCIANO LOPEZ<br><br>Debtor. | Bankruptcy No. 24-26705<br>(Chapter 13)<br><br>Judge:  Joel T. Marker<br>**[Filed Electronically]** |

**ORDER GRANTING AUNTIE TUT TRUST'S MOTION FOR POST BANKRUPTCY**

**RELIEF FROM THE AUTOMATIC STAY**

---

The Court has reviewed Auntie Tut Trust's ("ATT") *Motion to Dismiss Pursuant to 11 U.S.C. 707 and Motion for Post Bankruptcy Relief From the Automatic Stay* ("Motion), the *Objection to Motion of Auntie Tut Trust for Dismissal Pursuant to 11*

1

*U.S.C. 707 and For In Rem Relief Pursuant to 11 U.S.C. § 362(d)(4)* ("Objection") and the Reply filed by ATT in support of its Motion. A hearing on the Motion was held before the Honorable Joel T. Marker on January 14, 2025. Jeremy C. Sink of Kirton McConkie appeared on behalf of ATT. Mr. Lopez did not appear.

Based upon the representations contained in the Motion, Objection, Reply, argument by counsel and good cause appearing the court made findings of fact and conclusions of law and read the same into the record at the January 14, 2025 hearing. Based upon the findings of fact and conclusions of law read into the record, incorporated herein by reference, and having good cause appearing therefor, it is hereby

ORDERED that ATT's motion for relief from the automatic stay is granted for cause under 11 U.S.C. 362(d)(1) and the stay provided under 11 U.S.C. §362(a) is hereby terminated as to the real property located at 13887 South Lamont Lowell Circle, Herriman, UT 84096, which is more particularly described as follows:

**PROPERTY DESCRIPTION**:

LOT 114, HAMILTON FARMS PLANNED UNIT DEVELOPMENT PHASE 1 ACCORDING TO THE PLAT THEREOF AS RECORDED IN THE OFFICE OF THE SALT LAKE COUNTY RECORDER.

TOGETHER WITH A RIGHT AND EASEMENT OF USE AND ENJOYMENT IN AND TO THE COMMON AREAS, DESCRIBED AND AS PROVIDED FOR IN THE DECLARATION OF COVENANTS, CONDITIONS AND RESTRICTIONS, AND ANY AMENDMENTS AND/OR SUPPLEMENTS THERETO.

TAX SERIAL NO. 32-03-428-017

2

It is further ORDERED pursuant to 11 U.S.C. 362(d)(4) that the filing of a future bankruptcy petition by any individual or entity will not extend the protection of the automatic stay of 11 U.S.C. 362(a) to the  real property located at 13887 Lamont Lowell Circle, Herriman, UT 84096 for a period of two years from the date of entry of this Order;

It is further ORDERED that ATT is to record a copy of this signed order with the Salt Lake County Recorder's office to give notice of this Order to any subsequent owner of the Property; and .

It is further ORDERED that cause exists for waiver of the 14-day stay period under Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure.

## <u>SERVICE LIST</u>

I hereby certify that a true and correct copy of the foregoing was served to the following via the court's ECF system on the date the order was signed:

- **Lon Jenkins tr**    ecfmail@ch13ut.org, lneebling@ch13ut.org
- **Jeremy C. Sink**    jsink@kmclaw.com, mcarlson@kmclaw.com
- **United States Trustee**    USTPRegion19.SK.ECF@usdoj.gov

I hereby further certify that the above reply was mailed to Lorenzo Luciano Lopez and Johnathan Ryan Darger at the following address:

Lorenzo Lopez
John Darger
13887 Lamont Lowell Circle
Herriman, UT 84096

Clerk of Court

_____

3

# EXHIBIT P

14339455 B: 11546 P: 3954 Total Pages: 4
01/24/2025 01:23 PM By: asteffensen Fees: $40.00
Rashelle Hobbs, Recorder, Salt Lake County, Utah
Return To: KIRTON & MCCONKIE
36 SOUTH STATE STREET, SUITE 1SALT LAKE CITY, UT 84111

**WHEN RECORDED MAIL TO:**
Jeremy Sink, Esq.
Kirton McConkie
36 South State Street, Suite 1900
Salt Lake City, Utah 84111
(801) 239-3157

**Tax Notice Address:**
Auntie Tut Trust
3212 Bel Air Drive
Las Vegas, NV 89109

## TRUSTEE'S DEED

This Deed is made between Jeremy C. Sink, Esq., successor trustee (hereinafter "Successor Trustee") under the Trust Deed described below, in favor of Auntitut Trust (properly spelled Auntie Tut Trust), whose legal address is 3212 Bel Air Drive, Las Vegas, Nevada 89109 (hereinafter "Grantee").

WHEREAS, on July 1, 2013, Janice Lee Jones, trustee of the Auntie Tut Trust ("Jones"), loaned John R. Darger ("Darger") $320,000.00 to enable him to purchase property located at 13887 Lamont Lowell Circle, Herriman, Utah 84096, more particularly described as: Lot 114, Hamilton Farms Planned Unit Development Phase 1 according to the plat thereof as recorded in the office of the Salt Lake County Recorder, A.P.N./Tax Serial No. 32-03-428-017-000 (the "Property").

WHEREAS, on July 1, 2013, Darger, as borrower, executed and delivered to Jones, as lender, a promissory note promising to repay principal and interest on or before July 10, 2018 (the "Note").

WHEREAS, Darger, as trustor ("Trustor"), by a Trust Deed dated July 1, 2013, and recorded in the official records of Salt Lake County, State of Utah, on July 2, 2013, as Entry No. 11676867, Book 10155, at Page 9409-9412 (the "Trust Deed"), did grant and convey the Property under said Trust Deed, upon the trust therein expressed, to Orange Title Insurance Company, as trustee, and Jones, as beneficiary ("the Beneficiary"), to secure, among other obligations, payment of the Note according to the terms thereof, together with other sums of money advanced and interest thereon.

WHEREAS, a breach and default occurred under the terms of the Note and Trust Deed in the particulars set forth in the Notices of Default in this matter.

WHEREAS, Philip M. Ballif, Esq. was duly appointed by the Beneficiary as Successor Trustee by a Substitution of Trustee recorded in the Office of the County Recorder of Salt Lake County, State of Utah, on September 19, 2023, as Entry No. 14153914, Book 11445, at Page 5783.

WHEREAS, Jeremy C. Sink, Esq., was duly appointed by the Beneficiary as Successor Trustee by a Substitution of Trustee recorded in the Office of the County Recorder of Salt Lake County, State of Utah, on May 7, 2024, as Entry No. 14237682, Book 11489, at Page 9014.

WHEREAS, Jeremy C. Sink, Esq., as successor Trustee under the Trust Deed, executed and recorded in the Office of the County Recorder of Salt Lake County, State of Utah, a Notice of Default containing an election to sell the Property, which was recorded on August 30, 2024, as Entry No. 14282489, Book 11514, at Page 9454; and that no later than ten days after the Notice of Default was filed for record, the Trustee mailed, by USPS registered and regular mail, a copy of the Notice of Default to the Trustor.

WHEREAS, the Successor Trustee, pursuant to the Notice of Default, and in accordance with the Trust Deed, did execute a Notice of Trustee's Sale stating that as Successor Trustee he would sell at public auction to the highest bidder the Property described, and fixing the time and place of sale as December 31, 2024, at 11:00 A.M. of said day, at the main entrance of the Salt Lake County Courthouse – West Jordan located at 8080 South Redwood Road, West Jordan, Utah 84088, and did cause copies of the Notice of Sale to be posted for not less than 20 days before the date of sale, as required by statute; and did cause a copy of the notice to be published once a week for three consecutive weeks before the date of sale in the Deseret News, a newspaper having a general circulation in the county in which the Property is situated, the actual dates of publication being December 6, 2024, December 11, 2024, and December 18, 2024; and that no later than 20 days before the date of sale, the Successor Trustee also mailed, by USPS certified mail, and hand delivered a copy of the Notice of Sale to the

Trustor and to each person whose name and address were set forth in a request for notice filed for recording prior to the filing of the Notice of Default.

WHEREAS, on December 31, 2024 at 11:00 A.M. Jeremy Sink as the Successor Trustee did continue the sale to January 24, 2025 at 11:00 A.M.

WHEREAS, all applicable statutory provisions of the State of Utah and all of the provisions of the Trust Deed have been complied with as to the acts to be performed and the notices to be given.

WHEREAS, the Successor Trustee did at the time and place of sale by public auction sell, to Grantee, being the highest bidder, the Property described for the credit bid sum of $589,000 (Five Hundred Eighty-Nine Thousand and 00/100 Dollars).

NOW, THEREFORE, the Successor Trustee, in consideration of the premises recited and of the sum above mentioned, credit bid and paid by Grantee, the receipt of which is acknowledged, and by virtue of the authority vested in him by the Trust Deed, does by these presents grant and convey to the Grantee above named, but without any covenant or warranty, express or implied, all of that certain real property situated in Salt Lake County, State of Utah, described as follows:

LOT 114, HAMILTON FARMS PLANNED UNIT DEVELOPMENT PHASE 1 ACCORDING TO THE PLAT THEREOF AS RECORDED IN THE OFFICE OF THE SALT LAKE COUNTY RECORDER.

TOGETHER WITH A RIGHT AND EASEMENT OF USE AND ENJOYMENT IN AND TO THE COMMON AREAS, DESCRIBED AND AS APPROVED FOR IN THE DECLARATION OF COVENANTS, CONDTIONS AND RESTRICTIONS, AND ANY AMENDMENTS AND/OR SUPPLEMENTS THERETO.

APN/Tax Serial No. 32-03-428-017-0000

Address: 13887 South Lamont Lowell Circle, Herriman, Utah 84096

TOGETHER WITH any and all improvements, fixtures, appurtenances, and easements now situated on or pertaining to the Property.

DATED this 24th day of January, 2025.

By: _____
        Jeremy C. Sink, Esq.
        Successor Trustee

STATE OF UTAH           )
                        ) ss.
COUNTY OF SALT LAKE   )

The foregoing Trustee's Deed Upon Sale was executed and acknowledged before me this 24th day of January, 2025, by Jeremy C. Sink, Esq., as Successor Trustee.

CHLOE ANN SATTERTHWAITE
Notary Public State of Utah
My Commission Expires on:
May 27, 2025
Comm. Number: 718583

_____
Notary Public

EXHIBIT Q

Lorenzo Luciano Lopez
13887 S Lamont Lowell Cir
Herriman, UT 84096
(385) 474-1541
E-mail: lorenzolucianolopez@gmail.com
*Pro Se Debtor*

---

## IN UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF UTAH



FILED US Bankruptcy Court-UT
JAN 28 2025 PM 4:29

| | |
|---|---|
| In re: | Case No. 24-26705 |
| Lorenzo Luciano Lopez | Chapter 13 |
| Debtor | Judge: Joel T. Marker |

---

### NOTICE OF APPEAL AND STATEMENT OF ELECTION

---

**Part 1: Identify the appellant**

1. Name of appellant: **Lorenzo Luciano Lopez**

2. Position of appellant in the adversary proceeding or bankruptcy case that is the subject of this appeal:

| For appeals in an adversary proceeding. | For appeals in a bankruptcy case and not in an adversary proceeding. |
|---|---|
| ☐ Plaintiff | ☑ Debtor |
| ☐ Defendant | ☐ Creditor |
| ☐ Other (describe)_____ | ☐ Trustee |
| | ☐ Other: |

**Part 2: Identify the subjects of this appeal**

1.    Describe the judgment—or the appealable order or decree—from which the appeal is

taken:

Appellant is appealing the following three appealable judgments, orders, or decrees:

1.     Docket entry 28:  ORDER GRANTING AUNTIE TUT TRUST'S MOTION
FOR POST BANKRUPTCY RELIEF FROM THE AUTOMATIC STAY AND
GRANTING RELIEF PURSUANT TO 11 U.S.C. § 362(d)(4)(A & B)
(Related Doc # 7). Description of Property: 13887 South Lamont Lowell Circle,
Herriman, UT. Signed as modified by the Court.

2.     Docket entry 29: Unsigned Order denying Debtor's ex parte requrest (related
document(s):19 Pending Order filed by Debtor for his EX PARTE REQUEST BY
DEBTOR FOR VOLUNTARY DISMISSAL OF CHAPTER 13 BANKRUPTCY
CASE WITHOUT PREJUDICE PURSUANT TO 11 USC § 1307(b). Reason Order
Was Unsigned: The Court will prepare its own dismissal order as discussed at the
January 14,2025 hearing.

3.     Docket entry 30 Order Dismissing Case with Prejudice for Debtor Lorenzo
Luciano Lopez (related document(s):18 Auntie Tut Trust's Motion to Dismiss Case).
Debtor Lorenzo Luciano Lopez BARRED)

2.    State the date on which the judgment—or the appealable order or decree--was entered:

**All of the subjects of this appeal were entered on January 14, 2025**

**Part 3: Identify the other parties to the appeal**

List the names of all parties to the judgment—or the appealable order or decree—from which
the appeal is taken and the names, addresses, and telephone numbers of their attorneys (attach
additional pages if necessary):

    1.  Party: Auntie Tut Trust           Attorneys:
       3212 Bel Air Drive            Jeremy C. Sink (9916)
       Las Vegas, NV 89109         36 South State Street, Suite 1900
                                         Salt Lake City, UT 84111
                                         Telephone: (801) 239-3157
                                         Email: jsink@kmclaw.com
                                       Attorney for Creditor: Auntie Tut Trust

2.  Party: Utah Chapter 13 Trustee          Attorneys:

Lon A. Jenkins (4060)
Tami Gadd (12517)
MaryAnn Bride (13146)
Katherine T. Kang (14457)
465 South 400 East, Suite 200
Salt Lake City, Utah 84111
Telephone: (801) 596-2884

**Part 4: Optional election to have appeal heard by District Court (applicable only in certain districts)**

If a Bankruptcy Appellate Panel is available in this judicial district, the Bankruptcy Appellate Panel will hear this appeal unless, pursuant to 28 U.S.C. § 158(c)(1), a party elects to have the appeal heard by the United States District Court. If an appellant filing this notice wishes to have the appeal heard by the United States District Court, check below. Do not check the box if the appellant wishes the Bankruptcy Appellate Panel to hear the appeal.

☐ Appellant elects to have the appeal heard by the United States District Court rather than by the Bankruptcy Appellate Panel.

**Part 5: Sign below**

Date: 1/25/2025

Signature of attorney for appellant (or appellant) if not represented by an attorney)

Name, address, and telephone number of attorney (or appellant(s) if not represented by an attorney):

**Lorenzo Luciano Lopez
13887 S Lamont Lowell Cir
Herriman, UT 84096
(385) 474-1541**

Fee waiver notice: If appellant is a child support creditor or its representative and appellant has filed the form specified in § 304(g) of the Bankruptcy Reform Act of 1994, no fee is required.

[**Note to inmate filers:** If you are an inmate filer in an institution and you seek the timing benefit of Fed. R. Bankr. P. 8002(c)(1), complete Director's Form 4170 (Declaration of Inmate Filing) and file that declaration along with the Notice of Appeal.]

## CERTIFICATE OF SERVICE

The undersigned hereby certifies a true and correct copy of the foregoing was served electronically via CM/ECF notification on this 28th day of January, 2025 on the following parties, if applicable, or served by first class mail, if applicable:

Lon Jenkins
Chapter 13 Trustee
ECF Notification

United States Trustee
ECF Notification

Jeremy C. Sink (9916)
KIRTON MCCONKIE
36 South State Street, Suite 1900
Salt Lake City, UT 84111
Telephone: (801) 239-3157
Email: jsink@kmclaw.com
Attorney for Creditor: Auntie Tut Trust
ECF Notification

      Dated this 28th day of January, 2025.

Lorenzo Luciano Lopez
Pro Se Debtor

EXHIBIT R



FILED US Bankruptcy Court-UT
JAN 28 2025 PM4:31

Johnathan Ryan Darger
13887 S Lamont Lowell Cir
Herriman, UT 84096
(801) 671-5942
E-mail: jndarger1@gmail.com
*Third Party Intervenor*

---

### IN UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF UTAH

| | |
|---|---|
| In re: | Case No.   24-26705 |
| Lorenzo Luciano Lopez | Chapter 13 |
| Debtor | Judge:  Joel T. Marker |

---

### NOTICE OF APPEAL AND STATEMENT OF ELECTION

---

#### Part 1: Identify the appellant

1.  Name of appellant: **Johnathan Ryan Darger**

2.  Position of appellant in the adversary proceeding or bankruptcy case that is the subject of this appeal:

For appeals in an adversary proceeding.

☐ Plaintiff
☐ Defendant
☐ Other (describe)_____

For appeals in a bankruptcy case and not in an adversary proceeding.

☐ Debtor
☐ Creditor
☐ Trustee
☑ Other: Third party with an ownership interest in the real property in question

Official Form 417A        Notice of Appeal and Statement of Election        page 1

**Part 2: Identify the subjects of this appeal**

1.  Describe the judgment—or the appealable order or decree—from which the appeal is taken:

    Appellant is appealing the following four appealable judgments, orders, or decrees:

    1.    Docket entry 28: ORDER GRANTING AUNTIE TUT TRUST'S MOTION FOR POST BANKRUPTCY RELIEF FROM THE AUTOMATIC STAY AND GRANTING RELIEF PURSUANT TO 11 U.S.C. § 362(d)(4)(A & B) (Related Doc # 7). Description of Property: 13887 South Lamont Lowell Circle, Herriman, UT. Signed as modified by the Court.

    2.    Docket entry 29: Unsigned Order denying Debtor's ex parte requrest (related document(s):19 Pending Order filed by Debtor for his EX PARTE REQUEST BY DEBTOR FOR VOLUNTARY DISMISSAL OF CHAPTER 13 BANKRUPTCY CASE WITHOUT PREJUDICE PURSUANT TO 11 USC § 1307(b). Reason Order Was Unsigned: The Court will prepare its own dismissal order as discussed at the January 14,2025 hearing.

    3.    Docket entry 30 Order Dismissing Case with Prejudice for Debtor Lorenzo Luciano Lopez (related document(s):18 Auntie Tut Trust's Motion to Dismiss Case). Debtor Lorenzo Luciano Lopez BARRED)

    4.    Docket entry 31: Unsigned Order denying (related document(s):24 Pending Order filed by Third Party John Darger concerning Third Party's motion to intervene). Reason Order Was Unsigned: This motion was filed after the hearing had already begun and would not have altered the Court's ruling in any event. The case now being dismissed at the Debtor's request, this motion is also moot.

2.  State the date on which the judgment—or the appealable order or decree--was entered:

    **All of the subjects of this appeal were entered on January 14, 2025**

**Part 3: Identify the other parties to the appeal**

List the names of all parties to the judgment—or the appealable order or decree—from which the appeal is taken and the names, addresses, and telephone numbers of their attorneys (attach additional pages if necessary):

1.  Party: Auntie Tut Trust

    Attorneys:
    Jeremy C. Sink (9916)
    36 South State Street, Suite 1900
    Salt Lake City, UT 84111
    Telephone: (801) 239-3157
    Email: jsink@kmclaw.com
    Attorney for Creditor: Auntie Tut Trust

2.  Party:  Utah Chapter 13 Trustee

Attorneys:

Lon A. Jenkins (4060)
Tami Gadd (12517)
MaryAnn Bride (13146)
Katherine T. Kang (14457)
465 South 400 East, Suite 200
Salt Lake City, Utah 84111
Telephone: (801) 596-2884

**Part 4: Optional election to have appeal heard by District Court (applicable only in certain districts)**

If a Bankruptcy Appellate Panel is available in this judicial district, the Bankruptcy Appellate Panel will hear this appeal unless, pursuant to 28 U.S.C. § 158(c)(1), a party elects to have the appeal heard by the United States District Court. If an appellant filing this notice wishes to have the appeal heard by the United States District Court, check below. Do not check the box if the appellant wishes the Bankruptcy Appellate Panel to hear the appeal.

☐ Appellant elects to have the appeal heard by the United States District Court rather than by the Bankruptcy Appellate Panel.

**Part 5: Sign below**

_____       Date: _1-28-25_
Signature of attorney for appellant (or appellant)
if not represented by an attorney)

Name, address, and telephone number of attorney
(or appellant(s) if not represented by an attorney):

**Johnathan Ryan Darger
13887 S Lamont Lowell Cir
Herriman, UT 84096
(801) 671-5942**

Fee waiver notice: If appellant is a child support creditor or its representative and appellant has filed the form specified in § 304(g) of the Bankruptcy Reform Act of 1994, no fee is required.

[**Note to inmate filers:** If you are an inmate filer in an institution and you seek the timing benefit of Fed. R. Bankr. P. 8002(c)(1), complete Director's Form 4170 (Declaration of Inmate Filing) and file that declaration along with the Notice of Appeal.]

Official Form 417A          Notice of Appeal and Statement of Election          page 3

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies a true and correct copy of the foregoing was served electronically via CM/ECF notification on this 28th day of January, 2025 on the following parties, if applicable, or served by first class mail, if applicable:

Lon Jenkins
Chapter 13 Trustee
ECF Notification

United States Trustee
ECF Notification

Jeremy C. Sink (9916)
KIRTON MCCONKIE
36 South State Street, Suite 1900
Salt Lake City, UT 84111
Telephone: (801) 239-3157
Email: jsink@kmclaw.com
Attorney for Creditor: Auntie Tut Trust
ECF Notification

Dated this 28th day of January, 2025.

Johnathan Ryan Darger
Third Party Intervenor

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF UTAH


In re:                         )
                               )
JESSE LUCIANO LOPEZ,           ) Bankruptcy No. 24-26705
                               ) Chapter 13
               Debtor.         )
_____)


BEFORE THE HONORABLE JOEL T. MARKER

January 14, 2025

```
APPEARANCES OF COUNSEL:

For Auntie Tut Trust:    Jeremy C. Sink
                         Attorney at Law
                         Kirton McConkie
                         36 South State Street
                         Salt Lake City, Utah 84111


For Chapter 13           Katherine Kang
Trustee:                 Attorney at Law
                         U.S. Trustee's Office
                         405 S. Main Street
                         Suite 300
                         Salt Lake City, Utah 84111
```

```
Court Reporter:

         Laura W. Robinson, FCRR, RPR, CSR
                351 South West Temple
                3.303 U.S. Courthouse
              Salt Lake City, Utah 84101
                   (801)201-9731
```

```
 1        Salt Lake City, Utah                    January 14, 2025

 2                            *  *  *  *  *

 3             THE COURT:  Good afternoon.  We've got one

 4        matter on the 2:00 calendar in the Chapter 13 case of

 5        Lorenzo Lopez, Case No. 24-26705.  Could I get

 6        appearances please starting with the movant?

 7             MR. SINK:  Your Honor, Jeremy Sink of Kirton

 8        McConkie on behalf of creditor Auntie Tut Trust.

 9             THE COURT:  Thank you.  I'll note for the

10        record Mr. Lopez filed his Chapter 13 petition

11        without the assistance of an attorney and he is not

12        making an appearance at this hearing.

13             Go ahead, Mr. Sink.

14             MR. SINK:  Your Honor, this is the time and

15        place set for hearing Auntie Tut's motion for

16        dismissal of this case and for in rem relief for

17        relief from the automatic stay from subsequent

18        bankruptcy filings related to the piece of property

19        that Auntie Tut Trust has a lien against.

20             We've -- I think our pleadings speak pretty

21        plainly as to what has occurred here.  As you know,

22        this is the third bankruptcy that has been filed

23        essentially hours before three consecutive

24        foreclosure sales that my client has attempted to

25        consummate related to this property.
```

3

1          And the disturbing part of this current

2    bankruptcy is noted in our pleadings where the

3    obligor on this note appears to have been the one who

4    hand-delivered the petition to the bankruptcy court

5    for the filing of this immediate case.  We're not

6    sure if Lorenzo Luciano Lopez even exists.  But, the

7    pattern has been shown.

8          We filed a notice of default, we notice up a

9    trustee's sale, and then on the eve of that trustee's

10   sale the bankruptcy is filed.  And under none of

11   those three bankruptcy cases has there been any

12   attempt to seek refuge under the Bankruptcy Code.  No

13   attempt to file statements and schedules.  No attempt

14   to attend a 341 Meeting.  No attempt to essentially

15   propose a Plan of Reorganization.

16         In the immediate case in response to us

17   filing this motion, as you have seen, a motion to

18   dismiss the case was filed.  And we don't have any

19   problems with that motion to dismiss but we think

20   that this court has jurisdiction to enter -- to grant

21   our motion before dismissing this case under Section

22   1307 of the Bankruptcy Code.

23         We believe that the proof is in the pudding

24   here especially given the fact that although a

25   pleading was filed, no debtor appeared today.  Again,

4

1    I have my suspicions that that debtor doesn't exist.

2    I provided to the court a recording of the

3    conversation between me and Mr. Darger at the

4    foreclosure sale at the beginning of this bankruptcy.

5    There was no Mr. Lopez there.  He kept referring me

6    to Mr. Lopez as if he did exist, but he is the one

7    who was there and referenced the e-mail that was

8    allegedly from Mr. Lopez.  He wasn't copied on that

9    e-mail.  I gave you a copy of that e-mail.  All

10   indications are that this bankruptcy was filed by

11   Mr. Darger for the sole purpose of thwarting our

12   collection efforts.

13          We believe that an in rem order is

14   appropriate as to the property prohibiting the -- or

15   essentially making any subsequent bankruptcies not

16   subject to the automatic stay as to this particular

17   piece of property.

18          We think the court can do that.  I have

19   provided two courts in my reply memorandum that I

20   filed today after their objection.  Those two courts

21   are the *In re: Roben* case and another case cited

22   there.  We believe this court does have authority

23   under both Section 362 and Section 105 to enter an in

24   rem order granting us that relief.

25          We believe that the -- what the court did in

5

1    the *In re: Roben* case is appropriate.  And that is

2    that once the in rem order is entered, then I would

3    be responsible for recording that order with the Salt

4    Lake County Recorder's Office so as to give any

5    subsequent owners of the property notice of this

6    order that we think is appropriate to be entered.

7            And if the court doesn't have any questions

8    for me, I would submit the rest on the pleadings.

9            THE COURT:  Thank you.  I see we have an

10   appearance by counsel for the Chapter 13 Trustee.

11   Ms. Kang, do you have anything you wish to say?

12           MS. KANG:  No, Your Honor.  We don't have

13   any -- none of the schedules or any of the documents

14   relating to petition have been filed or have been

15   provided to us so we don't know what's going on in

16   this particular case.  So with that, that's all I

17   have to contribute, Your Honor.

18           THE COURT:  Thank you.  All right.  I'll

19   note at the outset that on a motion for relief under

20   Section 362(d) of the Bankruptcy Code, Section 362(g)

21   provides that at any hearing on a motion for relief

22   under 362(d) the party requesting such relief has a

23   burden of proof on the issue of the debtor's equity

24   in the property which is not an issue in this case.

25           And two, the party opposing such relief has

1    a burden of proof on all other issues.

2              Mr. Lopez, again, has not appeared at this

3    hearing --

4              MR. DARGER:  I am here, Your Honor.  My name

5    is John Darger and I'm a third-party and I filed -- I

6    would like you to grant for me to intervene.  I filed

7    papers to intervene.

8              THE COURT:  I'm sorry, Mr. Darger, you're

9    not the debtor in this case, correct?

10             MR. DARGER:  I have an interest in the

11   property, Your Honor.

12             THE COURT:  All right.  You're not the

13   debtor in this case and you're not an attorney.

14             MR. DARGER:  I'm not a third-party and I

15   filed papers that you will be able to pull up and

16   see.

17             THE COURT:  All right.  Well, we'll note

18   Mr. Darger's appearance today.  As I was saying, the

19   debtor has the burden of proof on all other issues

20   and Mr. Lopez is not here to offer any evidence in

21   support of his objection to the motion.

22             So the matter before me is a motion to

23   dismiss and proposed bankruptcy relief from stay

24   filed by secured creditor Auntie Tut Trust.  This

25   case, and I'll take judicial notice of Mr. Darger's

1    prior two cases that I'll describe in a minute, this

2    case is a third in a series of Chapter 13 cases filed

3    over the past 12 months involving real property

4    located at 13887 South Lamont Lowell Circle in

5    Herriman, Utah.

6            The first case, case number 24-20354, was

7    filed by Jonathan Darger on January 29th, 2024, and

8    was dismissed on April 9th, after Mr. Darger failed

9    to file any of the required documents by the court

10   extended deadline of April 5th.  Apart from a list of

11   creditors and a Schedule A/B that listed a potential

12   $1 million wrongful foreclosure slash fraud claim

13   against the movant Auntie Tut Trust but no real

14   property owned by Mr. Darger.

15           Mr. Darger filed a second case on June 4th

16   of 2024, 24-22721, that largely mirrored the first

17   case.  He again filed only a list of creditors and

18   the same Schedule A/B and that case was dismissed on

19   July 25th of 2024 for Mr. Darger's failure to timely

20   file any other required documents.

21           Then, since no stay would go into effect if

22   Mr. Darger filed a third case before January 30th of

23   this year, 2025, instead Mr. Lopez filed the present

24   case 24-26705 about 30 minutes after being

25   quitclaimed the joint interest in the property.

8

1          In this case, Mr. Lopez didn't even bother

2     to file a list of creditors which was due by

3     January 2nd per Federal Bankruptcy Procedure

4     1007(a)(1), and Local Rule 1007-1(b), the latter of

5     which also permits the court to dismiss the case sua

6     sponte if the deadline isn't met.

7          Mr. Lopez also didn't file any of the other

8     documents listed in the court's December 31st

9     deficiency notice.  Those were due yesterday

10    January 13th.  The running theme in all three cases,

11    each of which was filed on the day before a

12    foreclosure sale of the Herriman property, is

13    Mr. Darger's dispute with Auntie Tut which he accuses

14    of malicious and fraudulent conduct to steal the

15    equity in his house largely by calculating balance

16    due based on compound or default interest rather than

17    simple interest.

18          As indicated in the exhibits attached to the

19    movant's motion, this saga began with a 5-year

20    $320,000 note executed by Mr. Darger and Auntie Tut

21    in July of 2013 accompanied by a Deed of Trust for

22    the Herriman property.

23          Mr. Darger then transferred the property by

24    a warranty deed to Ultimate Estates, LLC, in August

25    of 2013.  Ultimate Estates, through Mr. Darger as

9

1    owner, transferred the property by warranty deed to

2    Ultimate Enterprise, LLC, in October of 2018 and

3    Ultimate Enterprise, through Mr. Darger as manager,

4    quitclaimed its interest to both itself and Mr. Lopez

5    on December 30th of 2024 about 30 minutes before this

6    Chapter 13 case was filed.

7         Mr. Lopez sent an e-mail to Auntie Tut's

8    counsel, Mr. Sink, on December 31st at about

9    30 minutes before the foreclosure sale with an odd

10   request for the post-petition mortgage payment amount

11   which echoed a similar e-mail from Mr. Darger to

12   Mr. Sink in June, although Mr. Lopez has no liability

13   on the note.  Only Mr. Darger and his wife attended

14   the foreclosure sale which Mr. Sink postponed to

15   January 24th, 2025, in accordance with Utah Code

16   57-1-27(2)(c) and Mr. Darger apparently declined to

17   discuss his connection with Mr. Lopez at the sale.

18        And Mr. Darger, who hand delivered

19   Mr. Lopez's bankruptcy petition and accompanying

20   documents for filing with the court, holds himself

21   out to be a foreclosure prevention specialist in his

22   LinkedIn profile.

23        Although the motion filed by Auntie Tut is

24   styled as both as a motion to dismiss and motion for

25   stay relief, the stay relief request makes up the

1    bulk of the argument.  Auntie Tut asked for both

2    regular stay relief under Section 362(d)(1) for

3    cause, and also for relief under Section 362(d)(4)(B)

4    based on a scheme to delay, hinder, or defraud

5    creditors that involves multiple bankruptcy filings

6    affecting such real property.  Which if granted,

7    functions as in rem relief against the property for

8    two years upon proper recording of the court's order.

9           A stay relief motion is a summary

10   proceeding.  So at a stay hearing, the court merely

11   determines whether the movant has a colorable claim

12   that is a facially valid security interest.  It then

13   should consider whether the objector has raised a

14   colorable defense that is not -- that not merely

15   offsets the movant's claim, but actually would defeat

16   the movant's claim.

17          In this context the bankruptcy court limits

18   its consideration of defenses to those that strike at

19   the heart of the creditor's lien, or that bear on the

20   debtor's equity in the property.  And I am referring

21   to the *Utah Aircraft Alliance* case from Judge Thurman

22   reported at 342 B.R. 327.  That's from the Tenth

23   Circuit Bankruptcy Appellate Panel, excuse me, 2006.

24          Just before the clerk's office closed

25   yesterday evening, Mr. Lopez filed a motion and

11

1    proposed order dismissing the case, and an objection

2    to Auntie Tut's motion that raises four arguments.

3            One, the court must dismiss the case

4    immediately under Section 1307(b) before ruling on

5    Auntie Tut's motion.  Two, the court must abstain in

6    favor of the state court's deciding a mortgage

7    dispute.  Three, a request for in rem relief requires

8    an adversary proceeding, according to Mr. Lopez.  And

9    four, Auntie Tut's own conduct regarding mortgage

10   negates any finding of a scheme to hinder, delay, or

11   defraud.

12           And Auntie Tut filed a reply several hours

13   ago.  None of Mr. Lopez's arguments are well taken.

14   Here, it's clear from the record of all three cases

15   that the only purpose for the case is for us to stop

16   the foreclosure sales by Auntie Tut.  Almost no

17   required documents were filed in any of the cases,

18   and no meaningful efforts were undertaken to

19   legitimately prosecute any of the cases.

20           Mr. Lopez's argument that Auntie Tut --

21   Auntie Tut's prompt filing of the motion somehow

22   prevented Mr. Lopez from filing required documents is

23   frivolous and it echoes similar arguments from

24   Mr. Darger in his prior cases as to why he couldn't

25   timely file his own required documents.

1          All three cases were filed on the eve of

2     foreclosure, and Mr. Lopez was a legal stranger to

3     the property until receiving a quitclaimed interest

4     about 30 minutes before he filed his Chapter 13 case

5     which was designed again to get around the fact that

6     Mr. Darger had already exhausted his two automatic

7     stays within the 12-month period under Section

8     362(c), even though he scheduled no real property in

9     either of his cases, having long ago transferred

10    ownership of the Herriman property from himself to

11    Ultimate Estates and then Ultimate Enterprise.

12          The note matured in 2018 but remains unpaid,

13    and no payments of any kind have been made since

14    January of 2023.  And despite the objection's general

15    denials of the motion's factual allegations, mostly

16    for alleged lack of information, the objection is

17    neither verified nor otherwise supported by any facts

18    or documents.

19          Auntie Tut has demonstrated its colorable

20    claim and even Mr. Darger and Mr. Lopez seem to admit

21    that Auntie Tut is a legitimate secured creditor by

22    asking Mr. Sink for ongoing payment amounts despite

23    the disputes about the amounts owed on the mortgage.

24          But this is not the proper forum for

25    addressing those disputes.  And even with in rem stay

1    relief, any appropriate party in interest, whether

2    that's Mr. Darger, Mr. Lopez, or Ultimate Enterprise,

3    can pursue any available relief in state court of

4    competent jurisdiction.  Mr. Lopez also says as much

5    in two of the objections for arguments by proposing

6    that the state court system is a proper forum to

7    resolve the party's disputes.  And Mr. Lopez cites to

8    numerous decisions before the Bankruptcy Code was

9    amended in 2005, but no adversary proceeding is

10   required to grant the stay relief contemplated by

11   Section 362(d)(4) which can instead be pursued by a

12   motion as contested matter.  And you can refer to

13   Bankruptcy Rule 7001, the Advisory Committee Notes,

14   and also the cases of *In re: Van Ness, 399 B.R. 897,*

15   and that's from the Bankruptcy Court for the Eastern

16   District of California in 2009.

17            I'll find, accordingly, that this Chapter 7

18   case was filed by Mr. Lopez in bad faith.  And it's

19   part of a scheme involving multiple bankruptcy

20   filings to at least hinder or delay creditors,

21   including Auntie Tut.  So stay relief under both

22   Section 362(d)(1) and Section 362(d)(4)(B) will be

23   granted as will Auntie Tut's request to waive the

24   14-day stay --

25            MR. DARGER:  Your Honor --

14

1          THE COURT:  -- of Federal Rule 4001(a)(4) to

2    allow the postponed January 24th foreclosure sale to

3    go forward if no intervening action is taken at state

4    court.

5          Auntie Tut also requested dismissal of the

6    case under Section 707(b)(3) for bad faith filing,

7    but that section doesn't apply in this Chapter 13

8    case.  Having said that, Section 1307(c) includes bad

9    faith as an unlisted basis for dismissal on top of

10   the court's authority under Local Rule 1007(1)(b) to

11   dismiss the case sua sponte for Mr. Lopez's failure

12   to timely file the list of creditors, and Mr. Lopez

13   has now requested dismissal of the case as well.

14         But even assuming Mr. Lopez's absolute right

15   to dismiss under 1307(b), that dismissal isn't

16   required to be either immediate or unconditional.

17   Courts have long recognized the authority at minimum

18   under Section 349(a) of the Bankruptcy Code to impose

19   strings on the dismissal to prevent abuse, and

20   address bad faith conduct which the court has already

21   found to exist.

22         Accordingly, this case will be dismissed as

23   requested by both Mr. Lopez and Auntie Tut, but the

24   dismissal will not be entered until after entry of

25   the stay of relief order.

1    So Mr. Sink, I'm going to ask you to prepare

2    the order granting relief from stay under Section

3    362(d)(1) and (d)(4).  And once that has been

4    entered, the court will enter its own motion

5    dismissing the case.

6    MR. SINK:  Understood, Your Honor.  Thank

7    you.  I would make one correction to the record that

8    you just read in.  You referred to the immediate case

9    as a Chapter 7 case and I would just say that it was

10    a Chapter 13 case not the Chapter 7.

11    THE COURT:  Thank you.  Anything else?

12    MR. SINK:  Thank you, Your Honor.  I'll

13    prepare that order and I'll upload it.  Do you want

14    me to circulate that order to the e-mail that I have

15    for Mr. Lopez?

16    THE COURT:  He hasn't appeared here today

17    and I'll be sure to review the order so that it

18    correctly reflects my ruling.

19    MR. SINK:  Okay.  Thank you, Your Honor,

20    I'll get that submitted in the next day or two.

21    THE COURT:  All right.  Thank you.  The

22    court's in recess.

23    MR. DARGER:  Your Honor, so you did grant my

24    order to intervene, correct?

25    THE COURT:  I'm sorry, who is speaking?

16

1             MR. DARGER:  This is John Darger.

2             THE COURT:  Mr. Darger, I haven't seen any

3    motion.

4             THE CLERK:  They were filed with the court

5    at 2:03 p.m. They're not on the docket but in user

6    file sharing.

7             THE COURT:  The court's in recess.  Thank

8    you.

9             (Hearing concluded.)

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

```
 1                    REPORTER'S CERTIFICATION

 2

 3          I hereby certify that the foregoing

 4     transcript was taken from a tape recording

 5     stenographically to the best of my ability to hear

 6     and understand said tape recording, that my said

 7     stenographic notes were thereafter transcribed into

 8     typewriting at my direction.

 9          Dated this 14th day of February, 2025.

10

11

12                    ___Laura W. Robinson_____

13                    Laura W. Robinson

14

15

16

17

18

19

20

21

22

23

24

25
```